Dr. Paul HARRIS, Appellant,

v.

The COLUMBIA BROADCASTING SYSTEM, INC., et al., Appellees.

No. 11427.

Court of Civil Appeals of Texas.

Austin.

July 6, 1966.

Rehearing Denied Aug. 24, 1966.

Joseph D. Jamail, John Gano, Don M. Barnett, Houston, for appellant.

Clark, Thomas, Harris, Denius & Winters, John Coates, Mary Joe Carroll, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order of the trial court granting appellees' motion for a summary judgment in a suit for damages sustained by appellant as a result of a tort in the nature of a libel and slander committed by the appellees in this State by means of the telecasting on May 22, 1963 of a program entitled "The Great Land Swindle" over various television stations throughout this State.

The suit was tried on Appellant's Fourth Amended Original Petition.

The appellees filed their motion for summary judgment based on the controlling lim-

itation statute, Article 5524, Vernon's Ann. Civ.St., which is in part as follows:

"There shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterward, all actions or suits in courts of the following description:

1. Actions for malicious prosecution or for injuries done to the character or reputation of another by libel or slander."

Art. 5537 is as follows:

"If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

The appeal is based on four points and are to the effect that the District Court erred in rendering summary judgment because it appeared that appellee was without the limits of the State within the meaning of Article 5537 between May 22, 1963, when the tort was committed and March 8, 1965 when the suit was filed, and is not barred by Article 5524, there being a genuine issue of fact thereon, in refusing to receive in evidence as admitted appellant's requests for admissions Nos. 9, 10, 11, 12, 13, 17, 18 and 19, relating to Talent Associates-Paramount Limited and seven similar points directed to the granting of summary judgment to Talent Associates-Paramount Limited, seven points of a like content, except request for admissions Nos. 49 to 60, inclusive, directed to the summary judgment in favor of Columbia Broadcasting System Television Network.

As is noted, the broadcast occurred on May 22, 1963, and the suit was filed on March 8, 1965, more than 21 months after the broadcast of the alleged libel or slander.

The motion for summary judgment filed by appellees was based upon Article 5524, the one year statute of limitations controlling actions for libel or slander.

Appellees are foreign corporations and have never maintained a registered agent in Texas or applied for or possessed a certificate or permit to do business in Texas.

Appellant contends that the one year statute of limitations, Article 5524, did not operate as a bar to his action against these appellees because of the provisions of Article 5537, V.A.C.S., hereinabove set out.

Appellant's position is that by the production and broadcast of the television program in New York on May 22, 1963, appellees committed in Texas what is alleged to be a tort in the nature of a libel and slander, and further asserts that appellees were doing business in the State, and were therefore, without the limits of Texas from the time of his alleged libel and slander at least until the filing of his suit on March 7, 1965.

Each of appellees continued to do what it was doing after May 22, 1963 as it was doing on that date in the production or broadcasting the program upon which appellant bases his cause of action, and subsequent programs were shown by Texas Television stations in the same manner that the program complained of was shown.

Appellees' motion for summary judgment was supported by affidavits, one of which was by Wayne Kearl, who swore:

"2. That from May 22, 1963, to the present, he has been General Manager of Television Station KENS in San Antonio, Bexar County, Texas, and that from May 22, 1963, and to the present Television Station KENS has been affiliated with The Columbia Broadcasting System, Inc., pursuant to a standard network affiliation agreement.

3. That continuously from May 22, 1963, to the present, Television Station

KENS has received television programs transmitted to KENS by The Columbia Broadcasting System, Inc., and KENS through its facilities at San Antonio caused said television programs received by it from The Columbia Broadcasting System, Inc. to be broadcast to the City of San Antonio and surrounding areas. From September 23, 1963 to September 14, 1964, on a regular weekly basis, Television Station KENS received a series of television programs transmitted to KENS from the Columbia Broadcasting System, Inc., entitled East Side, West Side, and KENS, through its facilities at San Antonio caused each program in the East Side, West Side series to be broadcast in the City of San Antonio and surrounding areas. The East Side, West Side television series which was broadcast by KENS on a weekly basis from September 23, 1963 to September 14, 1964, was produced by Talent Associates-Paramount, Limited."

Jean Kennedy, assistant secretary of Talent, swore:

"3. Subsequent, as well as prior to May 22, 1963, Talent Associates-Paramount Ltd. has produced television programs actually telecast in Texas, there being no substantial change in the company's business operations since the recited date except, of course, with reference to the particular television programs and series.

4. In reply to information requested by our attorneys, Columbia Broadcasting System, Inc., has furnished certain information confirming Texas telecasts subsequent to May 22, 1963, of specific programs produced by our company and carried over CBS facilities. A copy of the text of the CBS letter dated August 10, 1965, together with certain attachments thereto, is annexed to this affidavit as Exhibit 'A,' and made part hereof as if more fully set forth herein." (here follows list).

It is apparent that appellees were as much within, or without the State after the broadcast as they were on the date of the program on which appellant bases his suit.

Appellees are unquestionably nonresident corporations.

In response to appellant's request for admissions as to whether or not appellee, Talent, was or is not doing business in Texas, appellees answered as follows:

"As to Requests Numbers 9, 10, 11, 12, 13, 17, 18 and 19, defendant, Talent Associates-Paramount, Limited, objects to Requests Number 9, 10, 11, 12, 13, 17, 18 and 19, on the grounds that such requests call for a legal conclusion but defendant, Talent Associates-Paramount, Limited, answers by saying that during the period inquired about, Talent Associates-Paramount, Limited produced television programs which were broadcast in the State of Texas in the same manner in which Talent Associates-Paramount, Limited, produced 'The Great Land Swindle' which was broadcast on May 22, 1963, in Texas by television station KTBC and other Texas television stations."

■ What constitutes doing business in the State is a mixed question of law and fact. Chicago, Rock Island & Pacific Railway Company v. Neil P. Anderson & Company, Tex.Civ.App., 1910, 130 S.W. 182, 183, reversed on other grounds, 105 Tex. 1, 141 S.W. 513; International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Texas Business Corporation Act, Article 8.01, subd. B, V.A.T.S.; Hester v. Weaver, Tex.Civ.App., 252 S.W.2d 214, er. ref.; Gore v. Cunningham, Tex.Civ.App., 297 S.W.2d 287, er. ref., n. r. e.

■ It is true that Columbia Broadcasting System Television Network was doing business in this State during the period involved herein, but this is immaterial. Article 5524, V.A.C.S., is controlling. State ex rel. Columbia Broadcasting Company v. Superior Court for King County, 1 Wash. 2d 379, 96 P.2d 248 (1939).

When reliance is placed upon the suspension statute, Article 5537, the burden of pleading and proving the defendant's absence from the State is upon the plaintiff, and this was not done. Wise v. Anderson, 163 Tex. 608, 359 S.W.2d 876.

The limitation statute, now 5537, became a part of the law of Texas in 1841, and was explained in Ayres, Administrator, v. Henderson, 9 Tex. 539, as having for its object the protection of domestic creditors, and when the return took place the creditor could claim the advantage intended by the section in suspending the operation of the statute. The word "return" was given a literal meaning. Wilson v. Daggett, 88 Tex. 375, 31 S.W. 618.

Appellant filed his suit against appellees and claims that because of the requirements of statute 2031b, V.A.C.S., the appellees appeared in this cause.

Article 2031b provides for service of process upon foreign corporations and non-residents.

Appellant makes the contention that appellees were not doing business in Texas and were without the limits of this State, within the meaning of the suspension statute.

In Article 2031b the definition of doing business in Texas is set out, and any non-resident person or foreign corporation which commits a libel or slander in whole or in part, in Texas, continues doing business in Texas for one year.

If appellees were doing business in Texas, appellant's alleged cause of action is barred by limitations.

In this case none of the appellees was ever present physically in Texas and the program claimed to constitute a libel and slander was produced and broadcasted in the State of New York, and appellant must rely upon Article 2031b in alleging that appellees were present in Texas on the date of such broadcast, and appellees' foreign corporations may plead the statute of limitations. Thompson v. Texas Land & Cattle Company, Tex.Civ.App., 24 S.W. 856, n.w.h.; Alley v. Bessemer Gas Engine Company, 262 F. 94 (5th Circuit, 1919).

If appellees were not doing business in Texas, appellant's alleged cause is barred by limitations.

Admittedly the program complained of was produced in New York and there broadcast, and beyond dispute appellees are foreign corporations without agents in this State, and the cause of action asserted is barred by limitations. Wilson v. Daggett, supra; Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226; Stone v. Phillips, 142 Tex. 216, 176 S.W.2d 932.

We have considered cases cited by appellant such as Wise v. Anderson, 163 Tex. 608, 359 S.W.2d 876, Le Gate v. Panamolga, 221 F.2d 689 (2nd Circuit, 1955) and Gibson v. Nadel, 164 F.2d 970 (5th Circuit, 1947) and do not consider these to be controlling in this appeal because the fact situations were not the same as in this case. In Gibson v. Nadel, service was had under Article 2033b, not Article 2031b. The defendant was not in the State and limitations would run.

In the Le Gate case the plaintiff went to New York, the defendant's State of residence, to file his suit.

The defendant had been physically present in the State of Texas at the inception of the cause of action.

Under the terms of Rule 169, Texas Rules of Civil Procedure, appellant as plaintiff made requests for admissions Nos. 9, 10, 11, 12 and 13 asking appellees to admit that between May 23, 1963 and March 7, 1965 Talent Associates-Paramount Limited did not do or transact any business within the State of Texas, claiming such to be fact admissions, and that no sworn statement either denying these matters or setting forth in detail the reasons why such could not either admit or deny same.

Request for admissions Nos. 17, 18 and 19 asked Talent to admit that between the dates of May 23, 1963 and March 7, 1965 that it was wholly without the State, and no such statement was filed under Rule 169.

Appellee Talent objected to Requests Numbered 9, 10, 11, 12, 13, 17, 18 and 19 on the grounds that such requests called for a legal conclusion, but that during the period inquired about it produced and broadcasted television programs in this State in the same manner in which The Great Land Swindle was broadcast on May 23, 1963.

In response to appellant's request for admissions Nos. 49 through 60, inclusive, Columbia objected to all of such requests because Columbia Broadcasting System Television Network is a division of Columbia Broadcasting System, Inc.

■ We do not believe there was error in the action of the trial court in refusing to receive in evidence, as admitted, each of the appellant's requests for admissions as above set out.

What constitutes doing business in the State is a mixed question of law and facts. Chicago, Rock Island & Pacific Railway Company v. Neil P. Anderson & Company, supra; Rule 169, T.R.C.P. provides for admissions of matters of fact; Hester v. Weaver, supra; Gore v. Cunningham, supra.

Whether or not Columbia was or was not doing business in Texas is immaterial in this case. Article 5524 is controlling.

■ A broadcasting system is doing business in the states where its programs are carried. State ex rel. Columbia Broadcasting Company v. Superior Court for King County, supra.

Associate Justice Hughes is of the opinion that appellees not being legal residents of or domiciled in the State of Texas, having no permit to do business therein and having had no agents within the State when the cause of action alleged by appellant accrued and during the year following

appellees were at all such times "without the limits of this State" and appellant's cause of action is barred under Art. 5524 and the running of such statute is not tolled under Art. 5537 as this statute is construed in Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, and, on this ground, he concurs herein.

The judgment of the trial court is affirmed.

Affirmed.