**Mardell W. PETERSON, A Widow,
Appellant,**

v.

**BURKS AROUND THE CLOCK PLUMB-
ING COMPANY et al., Appellees.**

**No. 15573.**

Court of Civil Appeals of Texas.
Houston (1st Dist.).

Jan. 15, 1970.

Robert A. Cattanach, Houston, for appellant; Sue Walker, Houston, of counsel.

Boswell & O'Toole, Robert G. Devlin, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from a summary judgment in favor of the defendant in a personal injury damage suit. Appellant contends that the trial court erred in refusing her motion for a continuance to permit her to secure deposition testimony. Affirmed.

On June 2, 1968, appellant was injured in a collision in Galveston, Texas. On March 24, 1969, this suit was filed in which she alleged that the collision was caused by the negligence of Burks Around The Clock Plumbing Company, and Lester Anderson, who was acting within the course and scope of his employment with the plumbing company. On April 11, 1969, both defendants answered by general denial, and pleas of contributory negligence and unavoidable accident.

On June 5, 1969, appellees filed a motion for summary judgment supported by affidavits that the truck owned by the plumbing company which was involved in the accident had been stolen from a parking lot near the plumbing company office at some time between 11:00 P.M. on June 1, 1968 and 4:00 P.M. on June 2, 1968. Appellant alleged that the accident occurred at 11:05 on June 1, 1968. The owner of the company stated in his affidavit that whoever was driving the truck at the time of the collision was not his employee at that time and was not driving the truck with his permission.

Lester Anderson stated in his affidavit that he had been employed by the company as a plumber for about four years; that he does not regularly drive a truck for the company, but does so on occasion; that on June 2, 1968, he was not driving a truck belonging to the company and was not in the City of Galveston, Texas; that he was not driving the truck at the time of the accident.

On June 9, 1969, appellant filed an answer to the motion for summary judgment in which she stated that the depositions of Lester Anderson, and of J. B. Rogers Bingham, the owner of the plumbing company, were scheduled on July 1, 1969. She stated that she was unable to obtain affidavits in the case, and requested a continuance to permit depositions and further discovery. The answer was not sworn, stated no reason why affidavits could not be obtained, or the purport of the testimony expected to be obtained by deposition. The record does not reflect that the request for continuance was called to the attention of the court prior to the date the court heard the motion for summary judgment.

On June 30, 1969, the motion for summary judgment was heard. The same day a motion to quash the commission to take depositions, which had been filed on June 20, 1968, was sustained on the ground that the summary judgment had been granted. The final judgment granting summary judgment was signed and entered on July 8, 1969.

This appeal is based on appellant's point that the trial court abused its discretion in denying the motion for continuance and in granting the motion for summary judgment.

Rule 166-A, Texas Rules of Civil Procedure, provides in part:

"(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had * * *."

Appellant failed to comply with the procedure set out in Rule 166–A in that no affidavit was filed stating the reason why she was unable to present by affidavit facts essential to justify her opposition to the motion for summary judgment. Nor did appellant comply with the requirements of Rule 251, T.R.C.P., governing applications for continuance. The trial court did not abuse his discretion in refusing appellant's request for a continuance. Watson v. Godwin, 425 S.W.2d 424 (Tex.Civ.App.–Amarillo 1968, writ ref., n. r. e.); Ellen v. City of Bryan, 410 S.W.2d 463 (Tex.Civ.App.–Waco 1967, writ ref., n. r. e.).

In support of the motion for summary judgment appellees have attached affidavits containing factual statements establishing a defense to the cause of action alleged by appellant. The unsupported affidavit of an interested party will support a summary judgment in the absence of controverting affidavits, deposition testimony, or admissions raising material issues of fact. Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705 (Tex.Civ.App.–Dallas 1963, writ ref., n. r. e.).

Affirmed.