Joe MEHAFFEY, Appellant,

v.

BARRETT MOBILE HOME TRANSPORT, INC., Appellee.

No. 17255.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 12, 1971.

Prager, Maynard & Brown, and Donald L. Prager, Fort Worth, for appellant.

Weddington & Weddington, and James R. Weddington, Austin, and Hooper, Kerry & Chappell, and Henry E. Kerry, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

The defendant, Barrett Mobile Home Transport, Inc., filed a motion for summary judgment on the grounds that plaintiff's action was barred by limitation. The trial court granted defendant's motion and the plaintiff, Joe Mehaffey, has appealed.

Plaintiff's petition alleged the following: that he, prior to January 1, 1966, contracted with defendant, a Minnesota corporation, to have defendant transport his mobile home from North Dakota to Lewisville, Texas, for a fee; that he delivered the mobile home in good condition to defendant's agents in North Dakota for transport to Texas; defendant's employee, after transporting it, re-delivered the mobile home to plaintiff in Texas on January 3, 1966, in a badly damaged condition; that defendant had in writing and had also impliedly contracted to deliver the mobile home to plaintiff in Texas in as good a condition as it was in when they received it for transport, and that they breached the contract because they badly damaged it en route and delivered it to him in that condition. The plaintiff's suit was for damages for breach of the contract and also for damages to the mobile home caused by defendant's negligence.

The record shows that this suit was not filed until October 19, 1970, which was almost 4 years and 10 months after the cause of action accrued.

The plaintiff's contention is that under the facts of this case, the suspension statute, Art. 5537, Vernon's Ann.Civ.St., kept limitation from running against him. It provided that: "If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

The plaintiff's petition showed on its face that all limitation periods that could in any way apply to plaintiff's suit had run prior to the filing of the suit, unless the running of the statute had been suspended for some reason.

■ The law is that where the plaintiff relies on the suspension statute (Art. 5537, V.A.C.S.) to avoid the bar of the statute of limitations, the burden is on the plaintiff to both plead and prove that the suspension statute applies, and that defendant was absent from the State long enough to prevent limitations from running. Wise v. Anderson, 163 Tex. 608, 359 S.W.2d 876 (1962) and Harris v. Columbia Broadcasting System, Inc., 405 S.W.2d 613 (Austin Civ.App., 1966, ref., n. r. e.).

■ A foreign corporation such as the defendant here can plead and rely on a statute of limitations. Harris v. Columbia Broadcasting System, Inc., supra; Alley v. Bessemer Gas Engine Co., 262 F. 94 (5th Cir., 1919) and Thompson v. Texas Land & Cattle Co., 24 S.W. 856 (Tex.Ct. of Civ.App., 1893, no writ hist.).

■■ At the summary judgment hearing the burden was on the defendant to establish as a matter of law its defense of limitations. This it did because the plaintiff's petition showed on its face that the limitation period had expired before the suit was filed. Having thus met its burden the defendant was entitled to the summary judgment unless the plaintiff then came forward with summary judgment evidence to show that the running of limitations had been legally suspended for some reason for a long enough period of time to keep the limitation period from running. In other

words the burden of pleading and proving facts sufficient to show that the suspension statute kept limitations from running was on the plaintiff at the summary judgment hearing. Birdwell v. American Bonding Company, 337 S.W.2d 120 (Fort Worth Civ.App., 1960, ref., n. r. e.); Pierce v. Estate of Haverlah, 428 S.W.2d 422 (Tyler Civ.App., 1968, ref., n. r. e.); Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.Sup., 1970); and McDonald Texas Civil Practice, Sec. 17.-26.2, p. 132, note 16.

Defendant at no time denied under oath, pursuant to Rule 93(h) Texas Rules of Civil Procedure, plaintiff's allegation that it was a Minnesota corporation.

At the summary judgment hearing plaintiff offered a certificate from the Texas Secretary of State that certified that there was no record in the Secretary of State's office showing that a corporation bearing the name of "Barrett Mobile Home Transport, Inc." was ever issued a certificate of incorporation or a certificate of authority to do business in Texas and that there is no registered agent on file in that office for a corporation by that name.

The written contract between the parties was proved up at the hearing by plaintiff's affidavit, which further provided evidence that the parties had contracted, as alleged, on December 27, 1965; that he delivered his mobile home to defendants in North Dakota and they pulled it to Texas and defendant's truck driver delivered it back to him in Lewisville, Texas, on January 3, 1966, in a badly damaged condition, the driver telling him that it had struck a telephone pole in the State of Oklahoma; that the defendant corporation is a resident of Moorhead, Minnesota; and that this truck driver who pulled the mobile home into Texas and delivered it to plaintiff was one of defendant's employees.

We have recited above all the evidence that the record shows that either party offered at the summary judgment hearing.

We affirm.

The general rule is that Art. 5537, V.A.C.S. (the suspension statute), does not apply to non-residents, but it is now settled that such statute does apply to non-residents who were present in Texas at the time the cause of action accrued or had its inception and who later leave the State. Wise v. Anderson, supra, and Stone v. Phillips, 142 Tex. 216, 176 S.W.2d 932 (1944).

If the defendant has never been in Texas and is absent from the State at the time the obligation forming the basis of the suit arises or comes into existence, and at all times thereafter, then the running of limitations is not suspended by Art. 5537. Stone v. Phillips, supra, and Alley v. Bessemer Gas Engine Co., supra.

Plaintiff bases his appeal on the contention that when defendant's truck driver drove into Texas with the mobile home and delivered it to plaintiff in Texas in the damaged condition that his cause of action for breach of contract accrued at the time of such delivery and that at that time the defendant foreign corporation was present in Texas by virtue of the fact that his truck driver employee was then in Texas for the purpose of delivering the mobile home.

The evidence at the hearing thus shows defendant to be a foreign corporation, organized under the laws of Minnesota, and that it has never had a permit to do business in Texas, and that it at no time has had a registered agent in Texas. There is no evidence to show that the defendant had ever had any officer, agent, or employee of any kind in Texas on any occasion other than when the mobile home was delivered by its employee, and there is no evidence in the record to show that defendant ever did any business of any kind in Texas other than this isolated transaction of delivering the mobile home on the occasion in question.

The decided cases involving the question we have before us appear to be in a rather confused state. We are convinced after

reading many of them that the question that we are required to decide in determining whether the foreign corporation was "present" in Texas (within the meaning of Art. 5537) during the time its truck driver was in the State to deliver the mobile home is whether Texas courts would have had jurisdiction over such corporation during that period in a suit filed in this State against the foreign corporation.

A decision of this question hinges on the answers to two questions, namely: (1) was the nature and extent of the business, if any, that such foreign corporation was doing in Texas during that period of such a nature as to give the Texas court jurisdiction over it; and (2) did the foreign corporation at the time in question have an agent within Texas of a class designated in the statues as being such an agent upon whom one could serve a citation directed to the corporation itself and thereby effect a valid service of citation upon such corporation?

These questions are discussed in Gray Co. v. Ward, 145 S.W.2d 650 (Waco Civ. App., 1940, dism. judgm. cor.); 9 Texas Law Review 410; Chambliss v. Simmons, 165 F. 419 (5th Cir., 1908); Thompson v. Texas Land & Cattle Co., supra; and Alley v. Bessemer Gas Engine Co., supra.

■ We hold that the entry of defendant's employee, the truck driver, into Texas to deliver the mobile home on the occasion in question did not render the defendant foreign corporation "present" in Texas during the period of time he was here within the meaning of Art. 5537.

The act of the defendant's employee in pulling the mobile home into Texas and delivering it here was an isolated, one-shot transaction, completed in less than 30 days, and was a transaction in interstate commerce, and therefore did not constitute "doing business in Texas". See Art. 8.01, subd. B, Secs. (9) and (10), Texas Business Corporation Act, V.A.C.S.

Since this is true, the evidence offered at the summary judgment hearing does not show that the foreign corporation has ever done any business in Texas within the meaning of the law involved. It therefore was not "present" in Texas within the meaning of Art. 5537 while the truck driver was here and that statute did not suspend the running of limitations.

We are convinced that the question of whether or not service of citation on the foreign corporation during the period in question could have been legally effected under the provisions of Art. 2031b (the long arm statute) or 2039a, V.A.C.S., does not in any way enter into the matter of deciding the question which we have numbered "2" above relating to service of citation. Vaughn v. Deitz, 430 S.W.2d 487 (Tex.Sup., 1968) and Harris v. Columbia Broadcasting System, Inc., supra.

Article 2031a, V.A.C.S., and Art. 8.10, Texas Business Corporation Act, both relate to service of process on foreign corporations. However, they do not enter into the decision of this case because they both, by their own terms, apply only to foreign corporations that are transacting business in Texas. The defendant foreign corporation does not fall in that category.

Article 2031, V.A.C.S., is the only statute relating to service of process on a foreign corporation that remains to be considered by us in deciding the question which we have above numbered "2".

This Art. 2031 names certain agents of the foreign corporation upon whom citation directed to the corporation itself can be served and jurisdiction over the corporation thereby acquired.

No agent not named by the statute can be served with process and jurisdiction thereby acquired over the corporation under that particular statute.

■ The law is settled that in order for a Texas court to acquire jurisdiction over a foreign corporation, the record must show that the method provided by the statute involved for effecting a valid service of process upon such foreign corporation

**648**

was strictly complied with. Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Dallas Civ. App., 1962, ref., n. r. e.); and Bankers Life and Casualty Company v. Watson, 436 S.W.2d 404 (Tyler Civ.App., 1968, ref., n. r. e.).

The answer to such question numbered "2" above, relating to whether the foreign corporation had an agent inside this State on whom process directed to the corporation could be served is then narrowed down to the question of whether or not defendant's employee, the truck driver, comes within the definition of any of the corporate agents named in Art. 2031, V.A.C.S.

■ The evidence at the summary judgment hearing shows that he was an employee and was employed as a truck driver. It does not show that this employee had any authority other than to drive and pull the mobile home and deliver it to plaintiff in Texas.

The only corporate agent named in Art. 2031, V.A.C.S., that he could possibly be would be a "travelling agent." We hold that this employee, truck driver, was not a "travelling agent" within the meaning of that statute. See 2 Tex.Jur.2d 439, Agency, Sec. 4. He was a mere employee or servant, as distinguished from an agent, in so far as the proof shows.

■ We are convinced that the word "agent" as used in Art. 2031 designating a "travelling agent" as an agent on whom process may be served is used in such statute in a narrow or restricted sense.

We refer to 2 C.J.S. "Agency" § 2E, page 1029, wherein the following is said: "Agency, properly speaking, relates to commercial or business transactions, while service deals with matters of manual or mechanical execution; and the essential distinction is that the agent is employed to establish contractual relations between his principal and third persons, while the servant is not. If one is employed to perform personal service for another and his physical movements in the performance of such

service are subject to the other's control, he is a servant, while if he is employed to represent another in contractual negotiations or similar transactions, he is an agent."

The case of Brazos River Trans. Elec. Cooperative v. Vilbig, 244 S.W.2d 266 (Dallas Civ.App., 1951, no writ hist.), and the cases therein cited dealing with a similar question are authority for our holding on this point.

So the defendant was not "present" in Texas at the time in question for the added reason that such corporation, has never, as far as the evidence shows, at any time had an agent in Texas on whom citation could be served and jurisdiction thereby acquired by Texas courts over the corporation.

Because the non-resident defendant, the foreign corporation, has never been shown to be "present" in Texas within the meaning of Art. 5537, the suspension statute, did not apply and limitations ran on plaintiff's cause of action. Stone v. Phillips, supra, and Alley v. Bessemer Gas Engine Co., supra.

We affirm the judgment.