**ZALE CORPORATION, Appellant,**

v.

**Louis ROSENBAUM et al., Appellees.**

**No. 6397.**

Court of Civil Appeals of Texas, El Paso.

Oct. 23, 1974.

Rehearing Denied Dec. 4, 1974.

Goodman, Hallmark & Akard, Ty M. Sparks, Kenneth L. King, El Paso, for appellant.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, John A. Grambling, Alex Silverman, Glenn E. Woodard, Kemp, Smith, White, Duncan & Hammond, Royal Furgeson, Jim Curtis, El Paso, for appellees.

## OPINION

PRESLAR, Chief Justice.

This is a summary judgment case in which the defendants' plea of limitations was sustained by the Court. We affirm.

Appellant, Zale Corporation, as plaintiff, brought this suit against defendants, Louis Rosenbaum, Albert Malooly, Charles H. Newman, Individually and d/b/a C. H. Newman Development Company, and Mc-Cracken Construction Company, alleging that the defendants were negligent in such a way as to cause the plaintiff to suffer flood damage. The trial Court sustained the motions for summary judgment of each of the defendants based on their affirmative defense of the two-year statute of limitations. Vernon's Tex.Rev.Civ.Stat.Ann. art. 5526. It appears that the cause of action arose July 2, 1971, and the plaintiff's petition was filed June 28, 1973, but issuance of citation was not requested until August 3, 1973, some thirty-two days after the limitation period.

The mere filing of the suit will not interrupt or toll the running of the statute of limitations. To interrupt the statute, the use of diligence in securing the issuance and service of citation is required. Rigo Manufacturing Company v. Thomas, 458 S.W.2d 180 (Tex.1970). In the case before us, the defendants established their defense of the statute of limitations by the record as to when suit was filed and when citations were actually issued, plus an affidavit by a deputy clerk as to when the request was made by the plaintiff for the issuance of citations. Plaintiff seeks to avoid such defense by asserting that a fact issue was raised as to its use of due diligence in procuring the issuance and service of citations. As will be seen from our later discussion in this opinion as to the burden of proof, we are of the opinion that the burden was upon the plaintiff to come forward with proof raising an issue of fact with respect to the diligence exercised. As indicated, the law is that the plaintiff must not only file the suit within the statutory period but there must be a bona fide intention also that process be issued and served and due diligence exercised that such process issue and be served. Buie v. Couch, 126 S.W.2d 565 (Tex.Civ.App.—Waco 1939, writ ref'd). The diligence required is that of an ordinary prudent person in the same or similar circumstances. Meyer v. Pecos Mercantile Co., 47 S.W.2d 435 (Tex.Civ.App.—El Paso 1932, no writ). Ordinarily, the question of whether or not proper diligence has been used is one of fact for the jury or for the court sitting without a jury. Meyer v. Pecos Mercantile Co., supra. But in the case before us, we are of the opinion that the evidence is such that as a matter of law there was no exercise of due diligence. The simple fact is that upon the filing of the suit, no request was made for the issuance of citation. Rule 99, Texas Rules of Civil Procedure, provides: "When a petition is filed with the clerk, he shall promptly issue such citations, for the defendant or defendants, as shall be requested by any party or his attorney." That request was not made by the plaintiff in this case until some thirty-two days after the statute of limitations had run. The plaintiff's summary judgment proof on this question is that the matter was being handled by a Mr. Smith of the El Paso law firm and that he passed away about one month before the suit was actually filed; that the attorney who actually filed the suit was not sure at the time that he would be responsible for the continued handling of the lawsuit; also that the plaintiff was represented by a Dallas law firm who had forwarded the

petition to the El Paso law firm and the addresses for two of the defendants were incorrect and there was no address given for one of them. From these facts, we are unable to conclude that a fact issue was raised as to the exercise of due diligence in requesting issuance of citations.

 Plaintiff also seeks to avoid the bar of the statute of limitations by reliance on the suspension statute. Tex.Rev.Civ. Stat.Ann. art. 5537. That article provides that absence of the defendant from the State "shall not be accounted or taken as a part of the time" of the limitations period. Plaintiff concedes that the burden of pleading and proving the defendant's absence from the State is upon the plaintiff as announced in Wise v. Anderson, 163 Tex. 608, 359 S.W.2d 876 (1962), but it urges that this is not true in a summary judgment case because of the recent case of Oram v. General American Oil Company of Texas, 513 S.W.2d 533 (Tex.1974). We do not read Oram as changing the announced law that where, as here, the defense of the statute of limitations is established as a matter of law, the burden is then on the plaintiff to both plead and prove that the suspension statute applies and that the defendant was absent from the State long enough to prevent limitations from running. Mehaffey v. Barrett Mobile Home Transport, Inc., 473 S.W.2d 643 (Tex.Civ.App.—Fort Worth 1971, no writ); Nichols v. Smith, 507 S.W.2d 518 (Tex.1974); "Moore" Burger, Inc. v. Phillips Petroleum Company, 492 S.W.2d 934 (Tex.1972). In Nichols v. Smith, suit was brought to recover damages for medical malpractice. The defendant obtained a summary judgment based on the two-year statute of limitations, although the plaintiffs alleged the defendant fraudulently concealed that the operation resulted in a severance of both branches of the vagus nerve. The Court held that, limitations being established as a matter of law, the burden of proof was on the plaintiffs to offer some proof to raise a fact issue on their plea of fraudulent concealment in order to avoid the limitations plea. In "Moore" Burger, suit was brought for damages for failure to lease land or for specific performance. The defendants alleged the statute of frauds as an affirmative defense. The Court noted that the plaintiff's pleadings established a defense of the statute of frauds as a matter of law and also noted that the plaintiff's pleas contended promissory estoppel to avoid the results of the statute of frauds. The Court held that promissory estoppel is a defensive plea in confession and avoidance, and the affirmative defense of the statute of frauds being established as a matter of law, the burden was on the the plaintiff if it wished to avoid the granting of summary judgment against it to adduce evidence raising a fact issue concerning its promissory estoppel defense. Nichols followed "Moore" Burger in point of time and also specifically followed the holding therein that the plaintiffs have the burden of supporting the allegations by which they sought to avoid the defense of limitations in an instance where the defendant has established that defense as a matter of law. In Oram, suit was filed in the nature of a bill of review attacking an order of the Probate Court made in 1952. The trial Court granted summary judgment for the defendants and the Court of Civil Appeals affirmed on the basis that the defendants established limitations as a matter of law and that plaintiff failed in her burden of proof under Art. 5539a. This article avoids the running of the statute of limitations where suit has previously been filed and was dismissed for want of jurisdiction. The Supreme Court on motion for rehearing in a per curiam opinion held that the bar of limitations was not conclusively established since the contention was being made that under Art. 5539a, limitations ceased to run when the first suit was filed. However, the judgment was affirmed because the plaintiff's pleading of proof established that she ratified the orders now being attacked. Despite some language in the Court's opinion, it cannot be construed as changing the law of Nichols and

"Moore" Burger, rather it simply disagreed with the finding of the Court of Civil Appeals that the defense of limitations was established as a matter of law. In the course of the opinion, the Court said:

"* * * The non-movant has no burden in response to a summary judgment motion *unless* the movant has conclusively established his defense. Swilley v. Hughes, 488 S.W.2d 64 (Tex. 1972); Torres v. Western Cas. and Sur. Co., 457 S.W.2d 50 (Tex.1970). The defense of the movants in this case was the bar of limitations. This bar was not established conclusively since the contention was being made that under Article 5539a limitations ceased to run on August 29, 1956. It would be a different matter if the movant had established the limitations defense and the non-movant had then sought to interpose an estoppel to avoid movant's limitations defense. The non-movant would then be required to raise a fact issue with respect to the estoppel. Nichols v. Smith, 507 S.W.2d 518 (Tex.1974); "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934 (Tex.1973)." (Emphasis ours.)

We conclude that the burden of proof in the case before us was upon the plaintiff to raise a fact issue that the suspension statute, Art. 5537, applies and that the defendants were absent from the State long enough to prevent limitations from running. Plaintiff introduced into evidence the depositions of the defendants which show that during the two-year period the limitations were running, each defendant was out of the State a number of partial days. The defendants resided in El Paso, and the city limits of El Paso border New Mexico and Mexico. The testimony was that the defendants at various times visited the race track in New Mexico and dined and shopped in Juarez, Mexico. Plaintiff urges that each partial day should count as a full day in determining the total period of absence. It argues that if the Sheriff attempts to serve a defendant while he is across the border he cannot be served; consequently, his short absence from the State is as effective as if he were absent the whole day, so that under Art. 5537 a partial day's absence should be counted as an absence for the whole day. We are unable to subscribe to this argument, for while Art. 5537 says the statute is tolled while the defendant is out of the State, Art. 5526 says that the statute is running during the time that he is within the State and for each partial day out of the State, under Art. 5537, there is also a partial day within the State, under Art. 5526, and there are not enough hours in the day to declare each of these partials a full day under each statute. Art. 5537 does not speak in terms of days but in measures of "time." The subject is covered in 37 Tex. Jur.2d Limitation of Actions § 139:

"The object, policy, and meaning of the provision under consideration are that, to render the bar effectual, the debtor must remain in the state for the full period of time prescribed by the law. And the time of each departure from the state may be considered in determining the whole time of the absence and, when so determined, should be deducted from the period of limitation."

In the case before us, when the partial days are not considered as full days, there is no showing as to any defendants that he was absent from the State a sufficient time to reduce the time of his presence in the State to less than the statutory period. Thus, plaintiff has not met its burden of creating a fact issue. This is true even if we assume that the testimony was that of an interested party and incompetent for summary judgment purposes. The burden was on plaintiff to raise a fact issue and a jury could not find that a defendant was absent from the State thirty-two days or more, when the evidence was that the maximum time he was absent was, for example, twenty days. Hence, no fact issue was raised.

■ Appellant's *third and final point* of error complains of the trial Court refusing

its motion for continuance in order that further discovery could be made. The affidavit in support of the motion applies only to the defendant Rosenbaum. The motion came after there had been one continuance in order that depositions could be taken. We are cited to no authority which would sustain the point of error. However, review of the matter leads to the conclusion that there was no abuse of discretion on the part of the trial Court, and in the absence of such abuse no reversible error is shown. Peterson v. Burks Around The Clock Plumbing Company, 449 S.W.2d 859 (Tex.Civ.App.—Houston (1st Dist.) 1970, no writ). All points of error have been considered, and all are overruled.

The judgment of the trial Court is affirmed.

### ON MOTION FOR REHEARING

Appellant urges that we are in conflict with the case of Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.1970), and that that case is controlling here. Torres was a workmen's compensation case in which the plaintiff's claim was filed some one and one-half years after the injury but the plaintiff alleged that he had good cause for the late filing. The defendant sought summary judgment on the basis that the claim had to be filed within six months and the plaintiff's case showed on its face that it was not filed within that period. The Court held that good cause in a trial of a workmen's compensation case is not a plea in confession and avoidance of an affirmative defense—that proof of good cause is simply an alternative method of establishing performance of a condition precedent to recovery. Thus, the defendant-carrier could not obtain a summary judgment on the ground that the claim was not filed within six months but was required to negate with proof the plaintiff's allegation of good cause for the late filing. The difference in such a situation and that of an affirmative defense that we have in the case before us is explained by the Supreme

Court in Nichols v. Smith, 507 S.W.2d 518 (Tex.1974). Thus, Torres was an entirely different case from the one before us which turns on the affirmative defense of the statute of limitations. We have held that the affirmative defense was the burden of the defendants, but, when it was established, the burden then shifted to the plaintiff to avoid that affirmative defense by proof of the defendants' absences from the State. Plaintiff's burden in that regard was simply to offer sufficient proof to create a fact question. In an attempt to meet that burden, plaintiff offered the deposition testimony of the defendants and plaintiff now urges the rule that this testimony of an interested party is not sufficient summary judgment proof. Plaintiff gains nothing by this attack because it is simply destroying its own evidence. We adhere to our original ruling, and the motion for rehearing is overruled.

OSBORN, Justice (dissenting on motion for rehearing).

The Appellant's motion for rehearing causes me to conclude that we erred in our original opinion, and I would grant the motion and remand the case to the trial Court.

As stated in our original opinion, in order to avoid the statute of limitations, a plaintiff must not only file suit within the limitations period, but must use diligence to secure the issuance and service of citation. That was not done in this case. But to avoid the limitations defense the plaintiff pled the provisions of the suspension statute, Art. 5537, Tex.Rev.Civ.Stat.Ann. Under that Statute, the period of time that a defendant is absent from the State is not counted as part of the limitations period. Clearly in a trial on the merits, the burden of proof is upon the plaintiff to establish that the defendant was out of the State a sufficient length of time to prevent the applicable period of limitations from barring the cause of action. Wise v. Anderson, 163 Tex. 608, 359 S.W.2d 876 (1962). But this is a summary judgment case in which

the burden is upon the defendant to establish its affirmative defense as a matter of law. Contrary to our original opinion, I now conclude that where a suspension statute is pled, limitations are not conclusively established, unless the provisions of the suspension statute are negated as a matter of law.

In Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.1970), the plaintiff's claim for workmen's compensation benefits was not timely filed with the Industrial Accident Board but good cause was alleged to justify the late filing. The Supreme Court in reviewing the burden of proof in a summary judgment case said:

"* * * we are considering defendant's motion, by which it contended that plaintiff's case was without merit and that defendant must prevail, as a matter of law. Unless defendant's evidentiary material had the effect of disproving plaintiff's justification for not filing his claim earlier, as plaintiff pleaded it, the motion must fail. * * *

* * * * * *

"* * * When defendant filed this motion, it had to meet the plaintiff's case as pleaded. Plaintiff's pleadings alleged that he filed his claim a year late but that he had sufficient legal cause. Defendant did not meet that case by merely proving the late filing of the claim."

Quite clearly that case teaches that where good cause is alleged in a workmen's compensation case the defendant in a summary judgment hearing has the burden to prove as a matter of law both that: (1) the claim was not timely filed, and (2) that good cause does not exist for late filing of the claim. This is an onerous burden, but it can be overcome. Texas Employers' Insurance Association v. Hubbard, 518 S.W.2d 529 (Tex.1974).

In Oram v. General American Oil Company of Texas, 513 S.W.2d 533 (Tex. 1974), the Court in considering the burden of proof in a summary judgment case involving the effect of Art. 5539a, Tex.Rev. Civ.Stat.Ann., which permits a case to be refiled in a proper court within sixty days after a dismissal for want of jurisdiction where the case was originally filed in a court that did not have jurisdiction, said:

"It has been held below that petitioner had the burden of establishing the applicability of Article 5539a and that she failed to show that the first action was dismissed for lack of jurisdiction since the judgment does not expressly state this to be the cause for dismissal. The holdings and opinions of the Supreme Court are to the contrary with respect to the burden of petitioner. The non-movant has no burden in response to a summary judgment motion unless the movant has conclusively established his defense. Swilley v. Hughes, 488 S.W.2d 64 (Tex. 1972); Torres v. Western Cas. and Sur. Co., 457 S.W.2d 50 (Tex.1970). The defense of the movants in this case was the bar of limitations. This bar was not established conclusively since the contention was being made that under Article 5539a limitations ceased to run on August 29, 1956. * * *"

Likewise, in the case at bar, the defendants contend that limitations bar this suit because due diligence was not exercised to secure the issuance and service of citation in this case which was filed less than a week before limitations would run. But the plaintiff alleged the running of limitations was suspended during the time any defendant was absent from the State under the terms of Art. 5537. Based upon the holding in the Oram case that limitations is not conclusively established where the effect of a suspension statute is raised, unless such suspension is conclusively negated, I conclude that our original opinion has improperly placed the burden of proof on showing a fact issue under the suspension statute upon the non-moving party, the plaintiff in this case.

Under both the Torres case and the Oram case, in a summary judgment pro-

ceeding, where the plaintiff has raised an issue, by pleading or proof, which unless conclusively refuted, would prevent limitations from running, summary judgment may not be granted upon such affirmative defense. A summary judgment may be granted only if the defendant as the moving party, proves as a matter of law that the suspension statute is not applicable. This conclusion is reached despite language to the contrary in Mehaffey v. Barrett Mobile Home Transport, Inc., 473 S.W.2d 643 (Tex.Civ.App.—Fort Worth 1971, no writ). In that case, the Court's determination that the defendant-corporation was never present in Texas, within the meaning of Art. 5537, makes its holding as to who had the burden of proof dictum. I believe the dictum as to "the burden of pleading and proving facts sufficient to show that the suspension statute kept limitations from running was on the plaintiff at the summary judgment hearing" is erroneous in view of subsequent Supreme Court decisions on this issue. This case does not involve an estoppel and the decisions in Nichols v. Smith, 507 S.W.2d 518 (Tex.1974), and "Moore" Burger, Inc. v. Phillips Petroleum Company, 492 S.W.2d 934 (Tex.1973), are not controlling on the issue presented to us.

In reviewing the summary judgment proof under the rules set forth in Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.1965), it appears that the defendants in the trial Court did not negate the provisions of Art. 5537 as a matter of law. First, it should be noted that all of the proof as to the dates and periods of their absences came from the defendants who were interested witnesses. They were all required to rely upon their memory concerning trips made over the past couple of years, none of them had exact records, and all by necessity could only estimate their absences from the State. Such evidence does not constitute proof as a matter of law. Swilley v. Hughes, 488 S.W.2d 64 (Tex.1972).