11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

Michael and Donna Mosley

Appellants

Vs.                   No.
11-00-00346-CV B Appeal from Dallas County                                        

BTL & Associates,
Inc. and Nicholas Varga d/b/a Woodcraft Builders

Appellees

 

Appellant,
Michael Mosley, sued appellees to recover for injuries suffered by him while
employed by Nicholas Varga d/b/a Woodcraft Builders (Varga).  Michael=s wife, Donna Mosley, joined in the lawsuit.  The trial court granted summary judgment to Varga and to BTL
& Associates, Inc., the general contractor on the project.  We affirm.

BTL was a
general contractor and in that capacity contracted with Varga, as a
subcontractor,  to perform certain
work.  Varga employed Michael as his
employee on  the project.  A part of Michael=s job was to install crown ceiling
molding.  Varga furnished scaffolding to
Michael, but the scaffolding was not high enough for him to do the molding
work.  Michael placed a ladder on top of
the scaffolding to work on the molding. 
The ladder and scaffolding collapsed, and Michael fell approximately 30
feet to the floor.  Michael and his wife
brought this lawsuit to collect for damages suffered as a result of that fall.

The issues
raised in this appeal are set out by appellants as follows:

(1) The trial court erred in granting summary
judgment for defendant BTL because a genuine issue of material fact exists
regarding BTL=s control of the work site and of the
subcontractors work.

 

(2) The trial court erred in granting summary
judgment because defendant Varga failed to establish all the elements of the
affirmative defense of statute of limitations.

 

(3) The trial court erred in granting summary
judgment for defendant Varga because plaintiffs were not granted a continuance.

 








(4) The trial court erred in granting Varga=s motion for summary judgment because
plaintiffs were diligent in serving Varga with citation.

 

BTL filed
its motion for summary judgment in the trial court both as a traditional
summary judgment under TEX.R.CIV.P. 166a(c) and as a Ano-evidence@ motion for summary judgment under TEX.R.CIV.P. 166a(i).  We will first review the Ano-evidence@ motion for summary judgment. 
When reviewing a no-evidence motion for summary judgment, the trial
court must grant the motion unless the non-movant brings forth evidence
which  raises a genuine issue of
material fact upon the challenged elements of the cause of action.  Rule 166a(i).  Further, we review the evidence in the light most favorable to
the non-movant, accept as true all evidence favorable to the non-movant, and
recognize every reasonable inference and resolve all doubts in favor of the
non-movant.  American Tobacco Company,
Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997); Hight v. Dublin Veterinary
Clinic, 22 S.W.3d 614, 619 (Tex. App. B Eastland 2000, pet=n den=d). 
Moreover, we  review only
evidence presented by the non-movant. 
Rule 166a(i); Hight v. Dublin Veterinary Clinic, supra.  A summary judgment is improper where the
non-movant presents more than a mere scintilla of evidence on the disputed
element.  Hight v. Dublin Veterinary
Clinic, supra.

In their
first issue on appeal, appellants challenge the summary judgment granted in
favor of appellee BTL.  Appellants
contend there is a genuine issue of material fact as to whether BTL was in
control of the work site and of Varga=s work. 








In this
case, appellants had the burden to prove that BTL breached a legal duty owed to
them. Praesel v. Johnson, 967 S.W.2d 391 (Tex.1998).  Ordinarily, a general contractor, such as BTL, has no duty to
ensure that its independent contractors perform their work safely.  Lee Lewis Construction, Inc. v. Harrison,
____ S.W.3d ____,  No. 99-0793 (Tex.
Dec. 20, 2001); Koch Refining Company v. Chapa, 11 S.W.3d 153 (Tex.1999).  However, if a Ageneral contractor exercises some control over a subcontractor=s work he may be liable unless he exercises
reasonable care in supervising the subcontractor=s activity.@   Redinger v. Living, Inc., 689 S.W.2d 415,
418 (Tex.1985); see also Elliott-Williams Co., Inc. v. Diaz, 9 S.W.3d 801
(Tex.1999).  The duty of care owed by
the general contractor is relative to the control which the general contractor
retains over the work of the independent contractor.  Lee Lewis Construction, Inc.v. Harrison, supra.  Furthermore, the general contractor=s control must relate to the injury.  Our supreme court has stated:

In determining whether an owner has retained
this right to control, the standard is narrow. 
The right to control must be more than a general right to order work to
stop and start, or to inspect progress. 
The supervisory control must relate to the activity that actually caused
the injury, and grant the owner at least the power to direct the order in which
work is to be done or the power to forbid it being done in an unsafe
manner.  

 

Coastal Marine Service of
Texas, Incorporated v. Lawrence, 988 S.W.2d 223, 226 (Tex.1999).

The issue
of Acontrol@ is addressed in the RESTATEMENT (SECOND) OF TORTS ' 414 (1965). 
Texas has adopted Section 414. 
See Redinger v. Living, Inc., supra. 
Section 414 states that:

One who entrusts work to an independent
contractor, but who retains the control of any part of the work, is subject to
liability for physical harm to others for whose safety the employer owes a duty
to exercise reasonable care, which is caused by his failure to exercise his
control with reasonable care. 

 

Liability
is anticipated only where there is more than a general right of control.  The comments to the Restatement provide:

It is not enough that [a general contractor]
has merely a general right to order the work stopped or resumed, to inspect its
progress or to receive reports, to make suggestions or recommendations which
need not necessarily be followed, or to prescribe alterations and deviations.

 

Section 414 cmt. c.








In Lee
Lewis Construction, Inc., the general contractor was sued after an employee
of a subcontractor fell to his death while installing windows in the upper
stories of a multi-story building project. 
The evidence presented to the jury in that case revealed that the
general contractor was directly involved in the supervision of the safety
aspects of the work.  Among other
things, the general contractor had its own safety supervisor on the job.  Further, the general contractor knew of
various unsafe practices relating to fall protection devices and did nothing to
stop those practices.   At the same time,
the general contractor forbade its employees from exercising those same unsafe
practices.  The supreme court held that
the evidence was legally sufficient to show that the general contractor
retained the right of control over fall protection systems at the job
site.  Therefore, the general contractor
owed a duty of care to the injured employee.

The case
before us is distinguishable. There is summary judgment evidence in the record
to show that BTL exercised some general control over the subcontractor, Varga,
and the work site. However, appellants, as non-movants responding to a
no-evidence motion for summary judgment, have presented no summary judgment
evidence that BTL retained the type of control required by Texas law as stated
by the court in  Lee Lewis
Construction, Inc.  Therefore,
appellants have failed to raise a fact issue regarding any duty owed to them by
BTL.  The trial court did not err when
it granted BTL=s no-evidence motion for summary
judgment.  We need not discuss BTL=s traditional motion for summary
judgment.  Appellant=s first issue on appeal is overruled.

In their
second issue on appeal, appellants assert that Varga did not establish all of
the elements of its statute of limitations defense.  Essentially, appellants assert that Varga did not negate the
possibility of the statute of limitations being tolled.    

Varga
brought his motion for summary judgment in the trial court on traditional
grounds under Rule 166a(c) and, in the alternative, on no-evidence grounds
under Rule 166a(i).  When the movant
establishes that no genuine issue of material fact exists and that he is
entitled to judgment as a matter of law, a trial court must grant a traditional
motion for summary judgment.  Rule
166a(c).  After the movant demonstrates
his right to summary judgment, the non-movant is required to come forward with
evidence, or law, that precludes the summary judgment.  City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 678-679 (Tex.1979); In re Estate of Fawcett, 55
S.W.3d 214, 217 (Tex.App. B Eastland 2001, pet=n den=d). 
In our review of a traditional summary judgment, we accept as true all
evidence favorable to the non-movant and recognize every reasonable inference
and resolve all doubts in favor of the non-movant. American Tobacco Company, Inc.
v. Grinnell, supra at 425; Hight v. Dublin Veterinary Clinic, supra at 619. 








Appellants
originally filed this lawsuit against BTL only.  Later, one day before the statute of limitations expired,[1]
appellants filed an amended petition and for the first time included Varga as a
defendant.  Varga was not served with
citation until May 23, 2000, approximately four and one-half months after the
statute of limitations had expired.

After he
had answered the lawsuit, Varga filed a motion for summary judgment in which he
alleged that the statute of limitations had expired.   The trial court granted the motion, but did not state its
reasons for granting the motion. 
Therefore, in order to prevail here, appellants must defeat each ground
urged in the motion for summary judgment. 
State Farm Fire & Casualty Company v. S.S. & G.W., 858 S.W.2d 374,
380 (Tex.1993).

When the
non-movants (appellants in this case) assert that a statute tolls the
applicable limitations period, the movant=s limitations defense is not established unless the movant  negates the applicability of the tolling
statute.  Jennings v. Burgess, 917
S.W.2d 790, 792-93 (Tex.1996). 
Appellants state that Athere is a possibility of duress, temporary absence from [the] state@ making the tolling provision of TEX. CIV.
PRAC. & REM. CODE ANN. ' 16.063 (Vernon 1997) applicable and that, because no continuance was
granted, they had no opportunity to plead and prove the applicability of the
tolling provision.  However, appellants
failed to address the possibility of tolling before the trial court until their
motion for new trial, which was filed after the summary judgment was granted in
favor of Varga.  Because appellants did
not timely raise the tolling argument, it has not been preserved for
review.  TEX.R.APP.P. 33.1.  Appellants= second issue on appeal is overruled.

In
appellants= third issue on appeal, they assert that the
trial court erred in granting summary judgment in favor of appellee Varga
because appellants=
motion for continuance was denied. 
Appellants sought a continuance in order to obtain the deposition
testimony of Varga.  Where a continuance
is sought for Awant of testimony,@ the party seeking the continuance must state
in a sworn affidavit that:

[S]uch testimony is material, showing the
materiality thereof, and that he has used due diligence to procure such
testimony, stating such diligence, and the cause of failure, if known; that
such testimony cannot be procured from any other source.

 








TEX.R.CIV.P. 252.  Appellants stated that Varga Ahas material knowledge@ that appellees Afailed to provide adequate scaffolding for
[appellant] Michael Mosley to safely perform his job.@  This
statement was conclusory and did not show the materiality of Varga=s testimony. 
Additionally, appellants failed to show 
due diligence in procuring the testimony of Varga.  In their first amended petition, filed
January 11, 2000, appellants added Varga as a defendant.  However, Varga was not served with citation
until May 23, 2000.  Summary judgment
was granted in favor of Varga on July 19, 2000.  At no point after filing their amended petition did appellants
seek to take Varga=s
deposition.  The granting or denial of a
motion for continuance is within the trial court's sound discretion.  Hernandez v. Heldenfels, 374 S.W.2d 196, 202
(Tex.1963).  The exercise of such
discretion will not be disturbed on appeal unless the record discloses a clear
abuse of discretion.  State v. Wood Oil
Distributing, Inc., 751 S.W.2d 863, 865 (Tex.1988).  A trial court may be reversed for abusing its discretion only
when the court of appeals finds that the court acted in an unreasonable or
arbitrary manner.   Beaumont Bank, N.A.
v. Buller, 806 S.W.2d 223, 226 (Tex.1991). 
The test for abuse of discretion is whether the trial court acted
without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42
(Tex.1985), cert. den'd,  476
U.S. 1159 (1986).   Here, the trial
court did not abuse its discretion when it denied the motion for continuance.
Appellants= third issue on appeal is overruled.

In their
fourth and final issue on appeal, appellants contend that the trial court erred
in granting summary judgment in favor of appellee Varga because there was a
fact issue as to whether they were diligent in obtaining service of
citation.  

Again,
Varga brought his motion for summary judgment on traditional grounds under Rule
166a(c) and, in the alternative, on no-evidence grounds under Rule
166a(i).  We first will address the
motion on traditional grounds.








The
statute applicable to limitations in this case is  TEX. CIV. PRAC. & REM. CODE ANN. ' 16.003(a) (Vernon Supp. 2002 ).   Section 16.003(a) requires that a person
must bring suit not later than two years after the cause of action
accrues.  To Abring suit@
means not only to file the lawsuit, but to use due diligence in obtaining
service upon the defendants in the suit. 
Gant v. DeLeon, 786 S.W.2d 259 (Tex.1990).  The date of service will relate back to the date of the filing of
the lawsuit unless the plaintiff failed to exercise due diligence in obtaining
service.  Gant v. DeLeon, supra.  When a defendant seeks summary judgment for
the reason that service of process was not perfected during the limitations
period, he must show, as a matter of law, that the plaintiff did not obtain
service of process during the limitations period.  He must also establish, as a matter of law, that the plaintiff
did not use due diligence to obtain service before limitations expired.  Gant v. DeLeon, supra. 

When
claims are made in response to a motion for summary judgment based upon an
affirmative defense, there is a distinction to be made between claims made by a
non-movant which are in confession and avoidance of an affirmative defense and
claims which challenge whether the affirmative defense has been shown to exist
at all.   For example, in Zale
Corporation v. Rosenbaum, 520 S.W.2d 889 (Tex.1975), the plaintiff filed suit
before the expiration of the statute of limitations but did not request the
issuance of citation until after the limitations period had expired.  The plaintiff argued that it had used
diligence in procuring service of citation and that by statute the time that a
person is absent from the state was not to be included in the limitations
period.  The court of civil appeals held
that the defendants had conclusively established the limitations defense by
showing the date of the cause of action, the date suit was filed, and the date
that citation was requested.  Zale
Corporation v. Rosenbaum, 517 S.W.2d 440 (Tex.Civ.App. - El Paso 1974).  The court of civil appeals also held that
the plaintiff had not shown that the defendants were absent from the state a
sufficient amount of time.  The court of
civil appeals placed the burden of proof on both issues upon the
plaintiff.   

In
reversing and remanding the case to the trial court, the Supreme Court in Zale
stated:

When summary judgment is sought
on the basis that limitations have expired, it is the movant=s burden to conclusively
establish the bar of limitations.  Where
the non-movant interposes a suspension statute, such as Article 5537 [absence
from state], or pleads diligence in requesting issuance of citation, the
limitation defense is not conclusively established until the movant meets his
burden of negating the applicability of these issues.  

 

Zale Corporation v.
Rosenbaum, 520 S.W.2d at 891.








The
supreme court held that in the latter instance, those involving matters of
confession and avoidance, the non-movant has a burden of coming forward with
evidence which raises a fact issue with respect to the confession and avoidance
issue.  By necessary inference, in the
cases which fall within the former category, including those in which a
plaintiff has interposed the due diligence theory, the burden would be upon the
movant to negate due diligence before the defense is conclusively
established.  

The
supreme court in Zale referred to AMoore@ Burger v. Phillips Petroleum Company,  492 S.W.2d 934 (Tex.1972).  In Moore, the plaintiff (non-movant)
had argued that the doctrine of promissory estoppel prevented the defendant
from relying upon the statute of frauds as an affirmative defense and that the
burden of proof to negate the estoppel issue was upon Phillips, the
movant.  The supreme court disagreed and
held that it was Moore=s
burden to come forward with evidence raising a fact issue as to the promissory
estoppel issue.  It was a matter of
confession and avoidance.  See also
Jennings v. Burgess, supra; Gant v. DeLeon, supra; Oram v. General American Oil
Company of Texas, 513 S.W.2d 533 (Tex.1974); Nichols v. Smith, 507 S.W.2d 518
(Tex.1974).

We hold
that it was Varga=s
burden, upon his traditional motion for summary judgment,  to conclusively negate the existence of due
diligence in obtaining service of process upon him.  In a case where the statute of limitations has been raised and
the issue of tolling or due diligence of service of process is interposed, the
non-movant has no burden to come forward with summary  judgment evidence unless the summary judgment evidence then
before the court would otherwise conclusively establish the defense, including
negating the tolling and service of process issues.  Oram v. General American Oil Company of Texas, supra.  The summary judgment evidence shows that
suit was filed against Varga on January 11, 2000, one day before the
limitations period expired.  The
district clerk issued citation on January 11, 2000. This citation was issued
for BTL, instead of Varga.  The citation
was not re-served on BTL because the process server realized that BTL had
already been served; the citation was not served on anyone.   According to the summary judgment evidence,
nothing happened after that until May 12, when an employee of appellant=s attorney discovered that no answer had been
filed by Varga and that he had not been served.  A new citation was served on Varga on May 23, 2000.  We hold that the date of the filing of the
amended lawsuit to include Varga and the lack of action taken by appellants
during that period of time before he was served negate the existence of due
diligence.   Appellants= fourth issue on appeal is overruled.  In view of our ruling on the traditional
motion for summary judgment, we need not discuss the Ano-evidence@ aspects of Varga=s motion.








The judgment of the trial
court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

February 7, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J.,
and

McCall, J., and McCloud, S.J.[2]











[1]The accident giving rise to this claim occurred on
January 12, 1998.  The amended petition
was filed on January 11, 2000.





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.