**ZALE CORPORATION, Petitioner,**

v.

**Louis ROSENBAUM et al., Respondents.**

**No. B-5026.**

Supreme Court of Texas.

March 19, 1975.

Goodman, Hallmark & Akard, Kenneth L. King and Gerald P. Keith, El Paso, for petitioner.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, John A. Grambling. Kemp, Smith, White, Duncan & Hammond, Royal Ferguson, Glenn E. Woodard, Alex Silverman, El Paso, for respondents.

ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

Petitioner, Zale Corporation, brought suit against Louis Rosenbaum et al. alleging negligent construction of a building which resulted in flood damage. The trial court granted summary judgment for defendants on its finding that the two-year statute of limitations had expired on Zale's cause of action. The court of civil appeals affirmed. 517 S.W.2d 440. We reverse the judgments of the courts below and remand the cause to the trial court.

The summary judgment record reveals that the cause of action arose on July 2, 1971, and suit was filed on June 28, 1973. Zale, however, failed to request issuance of citation until August 3, 1973. It is clear that to toll the statute of limitations, diligence must be exercised in securing the issuance and service of citation. Rigo Manufacturing Co. v. Thomas, 458 S.W.2d 180 (Tex.1970). The court of civil appeals held that defendants conclusively established their defense of limitations by showing the date the cause of action arose, the date that plaintiff's petition was filed, and the date that issuance of citation was requested.

Zale sought to defeat the limitations defense by urging that it had exercised diligence in procuring issuance and service of citation, and that Article 5537, Vernon's Tex.Rev.Civ.Stat.Ann. (1958), operated to suspend the limitations statute, Article 5526, Tex.Rev.Civ.Stat.Ann. (1958), for a sufficient period to make its petition

timely. Article 5537 provides that the time a person is absent from the state shall not be counted as part of the limitations period. The court of civil appeals held that Zale had the burden of proof on both issues. As to the diligence issue, the court of civil appeals found that lack of diligence was established as a matter of law. It was also held that Zale had not met its burden of showing that the defendants were absent for a sufficient time to reduce the time of their presence in the state to less than the statutory period.

█ The court of civil appeals has misplaced the burden of proof on both issues. When *summary judgment is sought* on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar of limitations. Where the non-movant interposes a suspension statute, such as Article 5537, or pleads diligence in requesting issuance of citation, the limitation defense is not conclusively established until the movant meets his burden of negating the applicability of these issues. Oram v. General American Oil Co., 513 S.W.2d 533 (Tex.1974). The holding to the contrary in Mehaffey v. Barrett Mobile Home Transport, Inc., 473 S.W.2d 643 (Tex.Civ.App. 1971, no writ) is disapproved.

█ *Oram* recognized a distinction between pleas by the non-movant which challenge the existence of limitations, such as involved here, and those which do not challenge the limitations defense, but are affirmative defenses in the nature of confession and avoidance. In the latter instance, the non-movant does have the burden of raising a fact issue with respect to his affirmative defense. Nichols v. Smith, 507 S.W.2d 518 (Tex.1974); "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934 (Tex.1973).

Pursuant to Rule 483, Texas Rules of Civil Procedure, we grant the writ of error and, without hearing oral argument, reverse the judgments of the courts below and remand the cause to the trial court.