IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-296-CV





RANDOLPH WILLIFORD,



 APPELLANT


vs.





BASTROP COUNTY, TEXAS, AND JERRY ALEXANDER,



 APPELLEES


 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 20,384, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING



 



PER CURIAM

 Appellant Randolph Williford appeals from a take-nothing summary judgment
rendered by the district court of Bastrop County in favor of appellees Bastrop County, Texas, and
Jerry Alexander. In two points of error, Williford complains only of the rendition of judgment
in favor of Bastrop County. We will affirm the judgment.

 In October 1988, Williford filed suit in the district court of Bastrop County against
the County and Alexander, a county commissioner, for damage to his property in the building of
a road under Alexander's direction. Several months later, Williford took a non-suit, Tex. R. Civ.
P. 162, and filed suit against appellees in United States district court. In a memorandum opinion,
that court concluded that it lacked subject-matter jurisdiction over Williford's "claims of just
compensation, conversion, and trespass" and that, as to his equal- protection and due-process
claims, Williford had not stated a claim for which relief could be granted. Williford v. Bastrop
County, Tex., No. A-89-CA-671 (W. D. Tex. March 12, 1991). The court dismissed the suit
without prejudice and allowed Williford thirty days within which to amend his complaint. When
he did not, the court issued a final judgment dismissing the suit. The Court of Appeals for the
Fifth Circuit affirmed the district-court order in an unpublished opinion. Williford v. Bastrop
County, Tex., No. 91-8300 (5th Cir. Nov. 18, 1991) (designated not for publication).

 Thereafter, Williford filed the suit underlying this appeal in the district court of
Bastrop County. Williford again sought actual and exemplary damages for trespass, conversion,
and damage to his property. Appellees filed a motion for summary judgment asserting that the
doctrine of res judicata and the two-year statute of limitations barred Williford's claims. Williford
did not respond. On March 11, 1992, the trial court granted the motion and ordered that
Williford take nothing on his claims against Bastrop County and Alexander.

 In two points of error, Williford complains of the trial court's rendition of summary
judgment in favor of Bastrop County on his claims for "just compensation, trespass and
conversion" because the federal-court judgment is not res judicata as to these claims. Because
Williford did not file a response to appellees' motion for summary judgment, the only issue before
this Court is whether the grounds presented in the motion are sufficient as a matter of law to
support the summary judgment. Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678-79 (Tex. 1979); Wilburn v. State, 824 S.W.2d 755, 763 (Tex.
App.--Austin 1992, no writ); Fisher v. Capp, 597 S.W.2d 393, 397 (Tex. Civ. App.--Amarillo
1980, writ ref'd n.r.e.). Accordingly, we read the points of error to complain that Bastrop
County did not conclusively establish its entitlement to summary judgment on the basis of res
judicata.

 The County, however, also moved for summary judgment on the basis that the two-year statute of limitations, Tex. Civ. Prac. & Rem. Code § 16.003 (West 1986), barred
Williford's claims. The trial court's order granting the summary judgment does not specify the
grounds relied upon in granting the motion. In his argument on appeal, Williford does not assert
that Bastrop County did not establish its right to summary judgment on the basis of limitations.

 When a trial-court order of summary judgment does not state the specific grounds
upon which it rests, an appellant must show that each of the independent bases that a movant
alleged in a motion for summary judgment is insufficient to support the order. Rogers v. Ricane
Enter., Inc., 772 S.W.2d 76, 79 (Tex. 1989); Cuellar v. City of San Antonio, 821 S.W.2d 250,
253 (Tex. App.--San Antonio 1991, writ denied). An appellate court will affirm the summary
judgment if any of the theories advanced is meritorious. Insurance Co. of N. Am. v. Security Ins.
Co., 790 S.W.2d 407, 410 (Tex. App.--Houston [1st Dist.] 1990, no writ); Borg-Warner
Acceptance Corp. v. C.I.T. Corp., 679 S.W.2d 140, 142 (Tex. App.--Amarillo 1984, writ ref'd
n.r.e.).

 Because Williford does not challenge the grant of summary judgment on the basis
of limitations, we need not address his complaint that Bastrop County did not establish its right
to summary judgment on the basis of res judicata. We do note that, in his original petition,
Williford stated that Tex. Civ. Prac. & Rem. Code Ann. § 16.064 (West 1986) suspended the
running of limitations between the date of the filing of his federal-court action and the date of the
filing of the suit in the district court of Bastrop County. See Vale v. Ryan, 809 S.W.2d 324, 327
(Tex. App.--Austin 1991, no writ) (provision applies whether party brings first action in state or
federal court). Williford, however, did not assert suspension of limitations in a written response
to appellees' motion for summary judgment. See Tex. R. Civ. P. 166a(c); Zale Corp. v.
Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975); Vale, 809 S.W.2d at 326 (if plaintiff asserts
applicability of a suspension provision, defendant has burden to show provision's inapplicability
as a matter of law).

 For the foregoing reasons, we overrule Williford's two points of error and affirm
the judgment of the trial court.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: December 9, 1992

[Do Not Publish]