TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00440-CV






Sylvester Rodriquez and Irene Rodriquez, Appellants



v.



Jennifer Garcia, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY


NO. 41,067, HONORABLE GERALD M. BROWN, JUDGE PRESIDING 







 Sylvester and Irene Rodriquez appeal from a take-nothing summary judgment
rendered in favor of Jennifer Garcia on her affirmative defense of limitations. On appeal the
Rodriquezes contend that the trial court erred by (1) granting summary judgment without any
supporting evidence and (2) determining that as a matter of law they failed to exercise due
diligence in having Garcia served. We will affirm the trial court's judgment. 


Background


 The clerk's record shows that on October 23, 1998, three days before the statute
of limitations expired, the Rodriquezes filed a personal injury lawsuit against Garcia claiming
damages arising out of an automobile accident that occurred on October 26, 1996. See Tex. Civ.
Prac. & Rem. Code Ann. § 16.003 (West Supp. 2000). At the same time the Rodriquezes filed
their original petition, they requested that the sheriff personally serve Garcia at her home.
Although the officer's return at the bottom of the citation is blank, a document titled civil service
report or warrant report filed on November 4, 1998, by a deputy sheriff indicates that the citation
was returned unserved because Garcia had moved without leaving a forwarding address. The
clerk's record reflects that the Rodriquezes took no further action until March 3, 1999, when they
filed a motion for substituted service and requested service of citation by publication. The sworn
affidavit of the attorney attached to the motion states the Rodriquezes attempted to have Garcia
served by personal service, the officer was unsuccessful, and Garcia had moved without leaving
a forwarding address. On March 25 the court granted the motion for substituted service by
publication. 

 Garcia learned of the citation and filed her original answer on April 19. On May
17, Garcia amended her answer and asserted that the statute of limitations had expired on any
cause of action relating to the car accident. The same day she also filed a motion for summary
judgment contending that the Rodriquezes suit was time-barred because she was served after the
statute of limitations expired and the Rodriquezes did not act diligently in procuring service. The
Rodriquezes did not respond to the motion and the trial court granted summary judgment in favor
of Garcia. 


Discussion


 We first address the Rodriquezes' complaint that Garcia did not present any
summary judgment proof to the trial court. Garcia did not attach any exhibits to her summary
judgment motion but instead specifically asked the trial court to take judicial notice of the contents
of the court's file in the case. (1) 

 Generally, a trial court may take judicial notice of its own records in the same case.
The only requirement for summary judgment proof is that it be "on file at the time of the hearing,
or filed thereafter and before judgment with permission of the court." Tex. R. Civ. P. 166a(c). 
When considering a summary judgment motion, the trial court may judicially notice documents
that are part of its record in the case at issue since they are already on file and available for the
court's consideration. See Jones v. Jones, 888 S.W.2d 849, 852-53 (Tex. App.--Houston [1st
Dist.] 1994, writ denied) (citing McCurry v. Aetna Casualty & Surety Co., 742 S.W.2d 863, 867-68 (Tex. App.--Corpus Christi 1987, writ denied)). 


 In her motion Garcia specifically asked the trial court to take judicial notice of the
documents in the case file. While asking a trial court to take notice of the entire contents of a case
file is often not effective because there may be many documents on file, in this case, since no
discovery had occurred the case file was slim and the relevant documents were few. At the
summary judgment hearing, the court noted that it had in fact taken notice of the documents filed
in the case. The Rodriquezes did not dispute that the proof necessary to resolve the summary
judgment motion was on file at the time of the hearing. We find no error in the trial court's
reviewing the contents of its own case file. The first issue is overruled. 

 In their second issue, the Rodriquezes contend that the trial court erred in granting
summary judgment because a fact question remains about whether they acted with due diligence
in having Garcia served since the four-month delay between the expiration of the statute of
limitations and the date Garcia was served is unexplained.

 A plaintiff must not only file suit within the applicable limitations period but must
also use diligence to have the defendant served with process. Gant v. DeLeon, 786 S.W.2d 259,
260 (Tex. 1990) (citing Rigo Mfg. Co. v. Thomas, 458 S.W.2d 180, 182 (Tex. 1970)). When a
plaintiff files a petition within the limitations period, but does not serve the defendant until after
limitations has expired, the date of service relates back to the date of filing if the plaintiff
exercised diligence in effecting service. Gant, 786 S.W.2d at 260 (citing Zale Corp. v.
Rosenbaum, 520 S.W.2d 889, 890 (Tex. 1975)). The duty to use due diligence in serving the
defendant continues from the date suit is filed until service is completed. Id. Generally, the
exercise of due diligence is a question of fact to be determined by the trial court or jury. Eichel
v. Ullah, 831 S.W.2d 42, 43 (Tex. App.--El Paso 1992, no writ). The issue of diligence can be
determined as a matter of law, however, if no valid excuse exists for a plaintiff's failure to timely
serve notice of process. Gant, 786 S.W.2d at 260. 

 The summary judgment movant has the burden to show that there exists no genuine
issue of material fact and that he is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant moving for summary
judgment on the affirmative defense of limitations bears the burden of proving conclusively all the
elements of limitations as a matter of law such that there is no genuine issue of material fact. See
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). If a summary judgment movant produces
proof tending to establish limitations conclusively, thereby entitling the movant to judgment, the
non-movant must produce proof to raise a genuine issue of material fact. See Casso v. Brand, 776
S.W.2d 551, 556 (Tex. 1989).

 When a defendant seeks summary judgment contending that limitations expired
before the defendant was served, it is the defendant's burden to conclusively establish the
limitations bar. See Zale Corp., 520 S.W.2d at 891. If the plaintiff interposes a tolling statute
or pleads due diligence, the defendant moving for summary judgment bears an additional burden
of negating the applicability of the tolling statute or the plaintiff's claim of diligence. Id. If the
plaintiff does not plead diligence, once the defendant-movant establishes by summary judgment
proof that limitations expired before he was served, then, if the plaintiff does not respond and
provide summary judgment proof explaining any lapse of time between the expiration of
limitations and the date the defendant was served, lack of diligence will be established as a matter
of law and the defendant is entitled to summary judgment. See Gant, 786 S.W.2d at 260. 

 In this case, Garcia raised the affirmative defense of limitations in her pleadings
asserting that limitations expired four months before she was served. Garcia then moved for
summary judgment on this basis. As the summary judgment movant, it was her burden to
conclusively establish the limitations bar. Her summary judgment proof showed that she was
served four months after limitations expired. The four-month gap between the date the statute of
limitations expired and the date she was served was unexplained. The Rodriquezes for their part,
did not amend their pleadings to allege that they had used due diligence in serving Garcia or
provide any explanation about why Garcia was served four months after limitations expired. 
Neither did the Rodriquezes respond to Garcia's motion for summary judgment. There exists,
consequently, nothing in the record explaining the delay in having Garcia served. As a result,
under the reasoning of Gant, because there exists an unexplained lapse of time between the
expiration of limitations and the date Garcia was served, the issue of lack of due diligence was
established as a matter of law. See Holt v. D'Hanis State Bank, 993 S.W.2d 237, 241 (Tex.
App.--San Antonio 1999, no pet.). 

 In the absence of anything in the record explaining the delay in having Garcia
served, we hold that the trial court did not err in granting summary judgment. The second issue
is overruled. 



Conclusion


 We affirm the trial court's judgment.



 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 13, 2000

Do Not Publish
1.   Garcia's summary judgment motion contained the following section: 


III.



SUMMARY JUDGMENT EVIDENCE



 3.1 The summary judgment evidence is contained totally in the contents of
the Court's file and consists of the pleadings and motions filed by the Plaintiffs, the
affidavits attached to those motions, the docket entries, and the notations of the
County clerk. The Defendant requests the Court take judicial notice of the entire
contents of the Court's file in this case.



sue of material fact. See
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). If a summary judgment movant produces
proof tending to establish limitations conclusively, thereby entitling the movant to judgment, the
non-movant must produce proof to raise a genuine issue of material fact. See Casso v. Brand, 776
S.W.2d 551, 556 (Tex. 1989).

 When a defendant seeks summary judgment contending that limitations expired
before the defendant was served, it is the defendant's burden to conclusively establish the
limitations bar. See Zale Corp., 520 S.W.2d at 891. If the plaintiff interposes a tolling statute
or pleads due diligence, the defendant moving for summary judgment bears an additional burden
of negating the applicability of the tolling statute or the plaintiff's claim of diligence. Id. If the
plaintiff does not plead diligence, once the defendant-movant establishes by summary judgment
proof that limitations expired before he was served, then, if the plaintiff does not respond and
provide summary judgment proof explaining any lapse of time between the expiration of
limitations and the date the defendant was served, lack of diligence will be established as a matter
of law and the defendant is entitled to summary judgment. See Gant, 786 S.W.2d at 260. 

 In this case, Garcia raised the affirmative defense of limitations in her pleadings
asserting that limitations expired four months before she was served. Garcia then moved for
summary judgment on this basis. As the summary judgment movant, it was her burden to
conclusively establish the limitations bar. Her summar