NO. 07-02-0269-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 14, 2003

_____

CODY MAC PODZEMNY, APPELLANT

V.

FREDDY GLENN DENNIS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 48,972-A; HONORABLE DAVID L. GLEASON, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**[1]

In this appeal, Cody Mac Podzemny challenges a summary judgment that he take

nothing in his action for personal injuries against Freddy Glenn Dennis.  By one issue,

_____

[1]Tex. R. App. P. 47.4.

Podzemny contends the trial court erred in granting Dennis's motion for summary judgment because a genuine issue of material fact exists regarding whether he demonstrated due diligence in obtaining service of process on Dennis. Based upon the rationale expressed herein, and utilizing the standard of review of a traditional motion for summary judgment set out in Kimber v. Sideris, 8 S.W.3d 672, 674-75 (Tex.App.–Amarillo 1999, no pet.), we affirm.

The facts are undisputed. On September 8, 1998, Podzemny and Dennis were involved in a car wreck in Amarillo. Podzemny contacted his attorney on September 16, 1998, about the possibility of filing a lawsuit to recover damages from Dennis. It was not until August 23, 2000, however, that Podzemny requested his attorney to proceed with litigation. Podzemny's attorney filed suit against Dennis on September 7, 2000. The attorney took no further action on the case until January 5, 2001, when he wrote Podzemny to request medical authorization forms and information regarding medical providers. When Podzemny responded by mail to his attorney's request for information in mid-March of 2001, the attorney reviewed the file and realized citation had not been issued. On March 29, 2001, Podzemny's attorney sent a letter to the District Clerk requesting citation be issued. In the letter, Podzemny's attorney listed Dennis's address as 6309 Rutgers Street in Amarillo, the same address indicated in the original petition filed nearly seven months before. Dennis was served with citation on April 10, 2001.

By traditional motion for summary judgment, Dennis contended Podzemny's action was barred by the two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann., § 16.003 (Vernon 2002). Podzemny filed a response in opposition to the motion arguing he had valid reasons for the delay in service, and that he had diligently attempted to effect service. Following a hearing on the issue, the court granted Dennis's motion and ordered Podzemny take nothing against him.

To "bring suit" within the limitations period applicable in this case, a plaintiff must not only file suit within the limitations period, but must also use diligence to have the defendant served with process. Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990). When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the filing date if the plaintiff exercised diligence in effecting service. *Id*. It is clear that to toll the statute of limitations, a party must exercise diligence in securing the issuance and service of citation. Zale v. Rosenbaum, 520 S.W.2d 889, 890 (Tex. 1975).

To obtain summary judgment on the grounds an action was not served within the applicable limitations period, the movant must show, as a matter of law, the non-movant did not use diligence to effectuate service. *Gant*, 786 S.W.2d at 260. The movant has the burden to conclusively establish the bar of limitations. *Zale*, 520 S.W.2d at 891. Where the non-movant pleads diligence in requesting citation, the limitation defense is not

3

conclusively established until the movant meets his burden of negating the applicability of that issue. *Id.*

While due diligence is usually a question of fact, courts may find lack of diligence as a matter of law if the plaintiff offers no valid excuse for lack of service or if the lapse of time and the plaintiff's acts, or inaction, conclusively negate diligence. Zacharie v. U.S. Nat. Resources, Inc., 94 S.W.3d 748, 754 (Tex. App.–San Antonio 2002, no pet.). Even if an explanation is offered, a lack of diligence can be found if the explanation affirmatively establishes a lack of diligence. *See* Rodriguez v. Tinsman & Houser, Inc., 13 S.W.3d 47, 49 (Tex.App–San Antonio 1999, pet. denied). Finally, the explanation must involve diligence in seeking service of process. *Zacharie*, 94 S.W.3d at 754.

Texas courts have consistently held unexplained delays of five, six, and seven months in requesting issuance and service of citation constitute a lack of diligence as a matter of law. *See* Keeton v. Carrasco, 53 S.W.3d 13, 18 (Tex.App.–San Antonio 2001, pet. denied); *see also* Instrument Spec. v. Tx Employment Com'n, 924 S.W.2d 420, 423 (Tex.App.–Fort Worth 1996, writ denied) (holding six-month delay between filing petition and service of citation established lack of diligence as a matter of law); Hansler v. Mainka, 807 S.W.2d. 3, 5 (Tex.App.–Corpus Christi 1991, no writ) (holding unexplained delay of five months after the expiration of the statute of limitations was, as a matter of law, not due diligence in procuring issuance of service of citation); Allen v. Bentley Laboratories, Inc., 538 S.W.2d 857, 861 (Tex.Civ.App.–San Antonio 1976, writ ref'd n.r.e.) (holding trial court

4

did not err in granting summary judgment based upon nearly six-month delay in serving defendant); Southern County Mut. Ins. Co. v. Ochoa, 19 S.W.3d 452, 463 (Tex.App.–Corpus Christi 2000, no pet.) (holding trial court did not err in determining party did not use diligence during seven months between filing suit and service of citation). We recognize, however, the period of delay is not the critical factor. *Zacharie*, 94 S.W.3d at 754.

In the trial court, Podzemny sought to defeat the limitations defense by urging he exercised diligence in procuring issuance and service of citation. To support his claim, Podzemny relied solely upon his attorney's affidavit, which provided the following explanations: (1) at the time he filed suit, he did not have sufficient time to confirm Dennis's address;[2] (2) his office was operating on "short funds"; and (3) he did not request issuance of citation when he filed suit, but rather, intended to confirm Dennis's address and make a determination of the means of service "within the next few business days." With respect to the latter explanation, the attorney stated he was motivated by a desire not to incur unnecessary expenses by requesting service of process on an incorrect address for Dennis. Additionally, according to the affidavit, because "the subsequent weeks were extremely hectic," Podzemny's attorney forgot he had not requested citation and service. The affidavit further explained that because Podzemny's attorney customarily requested

---

[2]When requesting the issuance of citation, a plaintiff need not furnish the clerk with an address for the defendant. *See* Tex. R. Civ. P. 99.

the issuance of citation at the time of filing suit, the computer database he used for tracking cases, which only noted whether or not a suit had been filed, was not helpful in tracking the status of citation or service of process.

Here, the uncontradicted summary judgment evidence demonstrates Podzemny's attorney: (1) departed from his customary practice of having citation issued when suit was filed; (2) took no action whatsoever on the file for four months; and (3) did not check the status of service of process when he did review the file in January of 2001. Nor is there evidence in the record to show Podzemny or his attorney attempted to verify Dennis's last known address, to perfect service during the seven months following the filing of the suit, or to inquire of the District Clerk about the status of the citation. Indeed, the evidence establishes Podzemny's attorney knowingly did not request citation be issued for many months after the expiration of the statute of limitations. Furthermore, Podzemny's proffered explanations for the seven-month delay between filing suit and service of citation were ineffective because none of them involved diligence to seek service of process. *Rodriguez*, 13 S.W.3d at 50. An invalid explanation of delay, like no explanation for delay, constitutes lack of diligence; therefore, we conclude Podzemny lacked due diligence as a matter of law. *Zacharie*, 94 S.W.3d at 754. The trial court, thus, did not err in determining that limitations barred his suit. Issue one is overruled.

Accordingly, the judgment of the trial court is affirmed.

6

Don H. Reavis
Justice