ACCEPTED
03-15-00215-CV
7575225
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/28/2015 11:15:25 AM
JEFFREY D. KYLE
CLERK

## No. 03-15-00215-CV

## LENNY ACEVEDO
### Appellant

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

10/28/2015 11:15:25 AM

JEFFREY D. KYLE
Clerk

### vs.

## FEDERAL NATIONAL MORTGAGE ASSOCIATION
## AKA FANNIE MAE
### Appellee

**Appeal from the County Court at Law, Number 2
Travis County, Texas
Trial Court Case No. C-1-CV-15-000869
Honorable Eric M. Shepperd, Presiding**

## BRIEF FOR APPELLANT

**Lenny Acevedo
c/o 13276 Research Blvd., Ste.204
Austin, Texas 78750
Proceeding Pro Se**

i

## Identity of the Parties

**Appellant**
Lenny Acevedo
c/o 13276 Research Blvd., Ste. 204
Austin, Texas 78750

Proceeding Pro Se


**Appellee**

FEDERAL NATIONAL MORTGAGE ASSOCIATION
AKA FANNIE MAE

Counsel for Appellee

Mark Hopkins
Hopkins & Williams
12117 Bee Caves Road, Suite 260
Austin, Texas 78738

# Table of Contents

Identity of the Parties.............................................................................ii

Table of Contents..................................................................................iii

Table of Authorities...............................................................................v

Statement of the Case............................................................................1

Jurisdictional Statement.........................................................................1

Issues Presented....................................................................................2

1. Whether the two-year limitations period of Texas Civil Practice and Remedies Code §16.003 bars Appellee's Forcible Detainer suit for possession of the property?

2. When did the legal injury resulting in the accrual of action begin?

3. Whether it is in harmony with the Texas Constitution and statutory law for a court to rule that, in practice, there is no statute of limitations conveyed by Texas Civil Practice and Remedies Code §16.003, because the statute of limitations begins anew each and every time a notice to vacate is sent to the same forcible detainer at the same address for the same cause but with a new date on the notice to vacate?

Statement of Facts.................................................................................2

Summary of the Argument......................................................................4

Argument.............................................................................................4

      Legal Injury Rule.............................................................................4

      Single Action Rule...........................................................................7

      Res Judicata....................................................................................9

      Forcible Detainer versus Tenant at Sufferance or Tenant in Arrears......10

1st Instance...................................................................................10

2nd Instance..................................................................................11

Laches.........................................................................................13

State of Repose.............................................................................13

Conclusion....................................................................................16

Certificate of Compliance.................................................................18

Certificate of Service......................................................................18

Appendix.....................................................................................19

## Table of Authorities

**Cases**

*Caldwell v. Barnes*, 975 S.W.2d 535 (Tex.1998)......................................13

*Doe v. Catholic Diocese of El Paso,* 362 S.W.3d 707, 716
(Tex.App.-El Paso 2011, no pet.)(same)...............................................16

*Federal Home Loan Mortgage Corporation, v. Trinh Pham, Katherine Crawford
& Gary Block*, 449 S.W.3d 230, (Tex.App.—Houston [14th Dist.] 2014).........9

*Fernandi v. Strully*, 35 N.J. 434, 173 A.2d 277, 285 (1961).........................6

*Galveston, h. & S.A. 647\*647 Ry. Co. v. Dowe*, 70 Tex. 5, 7 S.W. 368,
371 (1888)..............................................................................8

*Gautier v. Franklin*, 1 Tex. 734, 739 (1847)........................................5

*Gideon v. Johns-Manville Sales Corp.*, 76 1 F.2d 1129, 1136-37 (5th Cir. 1985)....8

*Johnson & Higgins of Tex.,Inc. v. Kenneco Energy, Inc.*,
962 S.W.2d 507, 514 (Tex.1998)....................................................3

*Murphy v. Campbell*, 964 S.W.2d 265, 273 (Tex.1997)..............................3

*Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990).......5, 16

*Provident Life & Accident Ins. Co.v Knott,* 128 S.W.3d 211, 221 (Tex.2003)....3

*Puentes v. Fannie Mae*, 350 S.W.3d 732 (Tex.App.—Corpus Christi, 2010)

*Pustejovsky v. Rapid-American Corp.,* 35 S.W.3d 643, 646 (Tex. 2000).......3, 7

*Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex.1977)...............................6

*Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex.1989)...............13

*S.V. v. R.V.,* 933 S.W.2d 1 (Tex.1996).........................................5, 16

*Via Net v. TIG Ins. Co.*, 211 S.W.3d 310,313 (Tex.2006). ........................4

*Villarreal v. Wells Fargo Brokerage Servs.,* 315 S.W.3d 109,
(Tex.App.—Houston [1st Dist]. 2010)..................................................4

*Willis v. Maverick,* 760 S.W.2d 642 (Tex.1988).................................6

*Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex. 1975).....................3

**Texas Rules of Civil Procedure**

Texas Civil Practice & Remedies Code §16.003................................1, 2, 6

Texas Property Code Chapter 24..................................................1

**Texas Constitution**

Texas Constitution, Art. 1, Sec. 3.............................................1, 13

Texas Constiution, Art. 1. Sec. 3a.............................................1

Texas Constitution, Art. 1, Sec. 9.............................................1, 13

Texas Constitution, Art. 5.....................................................1

**References**

*Developments in the Law*—Statutes of Limitations, 63 Harv.L.Rev. 1177,
1200 (1950)....................................................................6

Joseph P. Story, Conflicts of Law 482.........................................5

## STATEMENT OF THE CASE

This appeal stems from a forcible detainer case which was heard *de novo* in Travis County Court at Law #2 on April 2, 2015. Judgment was awarded in favor of Lenny Acevedo, and Fannie Mae appealed.

The property was foreclosed on April 5, 2011, and sold to Fannie Mae.

The 1st Notice to vacate was sent on April 11, 2011[1]. Appellant asserts that the accrual of action began no later than April 16, 2011, as he refused to leave, thus creating a legal injury.

At the forcible detainer hearing before Judge Eric Shepperd, Attorney James Minerve credibly argued the legal injury rule. Please refer to R.R. Vol. 2, pages 6 through 12.

Judge Eric Shepperd ruled against Mr. Minerve's filings and arguments.

It is from Judge Shepperd's order that Appellant appeals.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction of this appeal because Appellant appeals a final judgment from the Travis County Court at Law #2. Texas Civil Practice & Remedies Code §16.003, Texas Property Code, Chapter 24, Texas Constitution, Art. 1, Sec. 3, 3a and 9, and Art. 5.

---

[1] Notice to vacate, **Clerk's Record.** page 21

1

## ISSUES PRESENTED

1. Whether the two-year limitations period of Texas Civil Practice and Remedies Code §16.003 bars Appellee's Forcible Detainer suit for possession of the property?

2. When did the legal injury resulting in the accrual of action begin?

3. Whether it is in harmony with the Texas Constitution and statutory law for a court to rule that, in practice, there is no statute of limitations conveyed by Texas Civil Practice and Remedies Code §16.003, because the statute of limitations begins anew each and every time a notice to vacate is sent to the same forcible detainer at the same address for the same cause but with a new date on the notice to vacate?

## STATEMENT OF FACTS

Lenny Acevedo purchased a home in 2003, and like millions of other Americans was caught in the economic downturn, could no longer afford to pay his mortgage payments, and the note and lien were subsequently foreclosed in 2011.

Several forcible detainer suits were brought by Fannie Mae, the last one culminating in a judgment in favor of Appellant. At the trial de novo, Judge Shepperd ruled in favor of Fannie Mae.

Appellant asserts that Fannie Mae languished in obtaining its judgment for forcible detainer. The forcible detainer statute of limitations in Tex.Civ.Pra. & Rem. Code §16.003(a) states a person must bring suit no later than 2 years after the cause of action accrues.

The cause of action accrued no later than April 16, 2011.

2

Fannie Mae is estopped from obtaining possession of the property by the 2 year statute of limitations.

## SUMMARY OF THE ARGUMENT

"A cause of action accrues when the plaintiff knows or reasonably should know that he had been legally injured by the alleged wrong, however slightly." *Murphy v. Campbell*, 964 S.W.2d 265, 273 (Tex.1997).

An Order Dismissing Plaintiff's Case as Barred by Expiration of Statute of Limitations was signed on September23, 2014[2] by Judge Elena Diaz.

"A defendant moving for summary judgment on the affirmative defense of limitations must conclusively establish the date on which the limitations commenced; that is, the date on which the cause of action accrued. *See Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 646 (Tex. 2000); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975). The determination of this date is typically a question of law." *Provident Life & Accident Ins. Co.v Knott*, 128 S.W.3d 211, 221 (Tex.2003).

As a general rule, a cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a party to seek a judicial remedy. *Id.* (citing *Johnson & Higgins of Tex.,Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex.1998)). In most cases, claims accrue "when a

---

[2] **Clerk's Record** page 26

3

wrongful act causes some legal injury." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310,313 (Tex.2006). *Villarreal v. Wells Fargo Brokerage Servs.*, 315 S.W.3d 109, (Tex.App.—Houston [1st Dist]. 2010).

When Barrett Daffin Fappier Turner & Engel, LLP acting for Federal National Mortgage Association aka Fannie Mae sent its letter on April 11, 2011[3] entitled "NOTICE TO VACATE", it triggered the running of the two year statute of limitations no later than April 16, 2011.

## ARGUMENT

### Legal Injury Rule

Legal injury rule is a principle that a cause of action generally accrues when a wrongful act causes some legal injury. Therefore, the statute of limitations on a claim does not begin to run until the claimant has sustained some legally actionable damage. In a forcible detainer case, the legal injury occurs after a foreclosure sale vests the title in another party, thereby creating a tenant at sufferance, and that party issues a 3 day notice to vacate to the tenant at sufferance and the tenant refuses to vacate the premises. The two exceptions to the legal injury rule are: the discovery rule, and fraudulent concealment.

The Texas Supreme Court has issued many opinions concerning the legal injury rule. Among them:

---

[3] **Reporter's Record**, Volume 3, Defendant's Exhibit 11

"We have long recognized the salutary purpose of statutes of limitations. In Gautier v. Franklin, 1 Tex. 734, 739 (1847), we wrote that statutes of limitations

> are justly held "as statutes of repose to quiet titles, to suppress frauds, and to supply the deficiencies of proof arising from the ambiguity, obscurity and antiquity of transactions. They proceed upon the presumption that claims are extinguished, or ought to be held extinguished whenever they are not litigated in the proper forum at the prescribed period. They take away all solid ground of complaint, because they rest on the negligence or laches of the party himself; they quicken diligence by making it in some measure equivalent to right.." [Joseph P. Story, Conflicts of Law 482]. *S.V. v. R.V.*, 933 S.W.2d 1 (Tex.1996)"

*S.V. v. R.V.* goes on to say:

> "Limitations statutes afford plaintiffs what the legislature deems a reasonable time to present their claims and protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise. The purpose of a statute of limitations is to establish a point of repose and to terminate stale claims." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990).

The court further explained that the definition of accrual is not prescribed by statute and is thus left to the courts. "As a rule , we have held that a cause of action accrues when a when a wrongful act causes some legal injury, even if the injury is not discovered until later, and even if all resulting damages have not yet occurred."

5

In a case of forcible detainer, it is a fact that the legal injury begins when the tenant at sufferance is given notice to vacate the premises, and the tenant refuses to do so. There is no "discovery rule" which could apply to a forcible detainer action.

Further, in forcible detainer actions, there is no fraudulent concealment involved, so neither of the two exceptions which apply to the legal injury rule are present in a forcible detainer case.

In *Willis v. Maverick*, 760 S.W.2d 642 (Tex.1988), the Supreme Court again dealt with the accrual of action in a two-year statute of limitations.

> "Our analysis of the two-year statute of limitations question begins with an examination of prior decisions of this court construing the statute's "accrual" language. The primary purpose of the statute of limitations is to compel the exercise of a right of action with a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidences is fresh in their minds. *Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex.1977). For a suit to be timely under the two-year statute, it must be brought within two years following the date the cause of action accrues. Tex.Civ.Prac.& Rem.Code Ann. §16.003(a) (Vernon 1986). The phrase "accrues" embodies a substantive law concept, and the courts are called upon to determine when a cause of action accrues and thus when the statute of limitations commences. *Developments in the Law*—Statutes of Limitations, 63 Harv.L.Rev. 1177, 1200 (1950). This court has previously twice relied upon the following language from *Fernandi v. Strully*, 35 N.J. 434, 173 A.2d 277, 285 (1961):
>
> The question when a cause of action accrues is a judicial one, and to determine it in any particular case is to establish a general rule of law for a class of cases, which rule must be founded on reason and justice.... "

Nowhere in the Texas Supreme Court's opinions does it say that a cause of action accrues and accrues and accrues again. It is logical to state that when a cause of action accrues, it does not do so over and over and over.

This would be analogous to filing an insurance claim for damage to a covered item, having the claim denied, and to keep refiling the same claim over and over until the insurance company finally gives up and pays it, no matter how long after the incident that caused the damage.

The reliance on this court's opinions to determine that a cause of action in a forcible detainer case accrues each and every time a new 3 day notice to vacate is served is nonsensical, illogical and is based on cases which assert there is no res judicata in justice courts. Res judicata and statutes of limitation are two completely separate and diverse judicial issues, and one cannot be resolved by relying on the facts of the other.

### Single Action Rule

In *Pustejovsky v. Rapid-American Corp. v. Pustejovsky*, 35 S.W.3d 643, (Tex.2000), the single action rule is discussed:

> "The case raises the question whether a plaintiff may bring separate actions for separate latent occupational diseases caused by exposure to asbestos. Specifically, we must decide whether the single action rule or the statute of limitations bars Henry Pustejovsky, who settle an asbestosis suit with one defendant in 1982, from bringing suit against different defendants twelve years later for asbestos-related cancer. The court of appeals affirmed, holding that under the single action rule, Pustejovsky's cause of action for cancer accrued, and limitations began to run, when he knew of the asbestosis. 980 S.W.2d 828, 833. We conclude, however, that neither

7

the single action rule nor the statute of limitations bars Pustejovsky's later claim for asbestos-related cancer. "

"The single action rule, also known as the rule against splitting claims, provides a plaintiff one indivisible cause of action for all damages arising from a defendant's single breach of a legal duty. *See Gideon v. Johns-Manville Sales Corp.*, 76 1 F.2d 1129, 1136-37 (5th Cir. 1985). Our jurisprudence "was designed to prevent more than one suit growing out of the same subject-matter of litigation; and our decisions from the first have steadily fostered this policy." *Galveston, h. & S.A. 647\*647 Ry. Co. v. Dowe*, 70 Tex. 5, 7 S.W. 368, 371 (1888).

"The single action rule, like limitations and res judicata, serves the purpose of giving defendants a point of repose. However, a defendant is in no different position with respect to an asbestosis plaintiff who may develop mesothelioma in the future than with an individual who contracts mesothelioma without ever suffering asbestosis. And the defendant's need for repose must be balanced against the plaintiff's need of an opportunity to seek redress for the gravest injuries, those culminating in wrongful death."

If a suit involves the same issue, the same property, and the same date of foreclosure sale, the court cannot construe a new set of circumstances exists because a more current notice to vacate is issued. It is obvious the accrual of action began when the first notice to vacate issued and the tenant at sufferance refused to vacate the property. It is at that point in time when the tenant at sufferance takes on the legal status of forcible detainer. Unless there is an agreement or some other written concession, the forcible detainer maintains that legal status until he is dispossessed, his dispossession is barred by limitations, or he reaches a state of repose. In this case, the new owner issued a notice to vacate, which accrued on April 16, 2011 and who filed 3 separate FED actions and the exact same issues and causes of action. The only thing that changed from law suit

8

to law suit over a period of four years was the date on the each Notice to Vacate letter.

When Barrett Daffin Frappier Turner & Engel, LLP., acting for Fannie Mae sent its letter on April 11, 2011 entitled "NOTICE TO VACATE", it triggered the running the of statute of limitations no later than April 16, 2011.

## Res Judicata

In its brief at county court, Fannie Mae used as its basis, *Puentes v. Fannie Mae*, 350 S.W.3d 732 (Tex.App.—Corpus Christi, 2010) and *Federal Home Loan Mortgage Corporation, v. Trinh Pham, Katherine Crawford & Gary Block*, 449 S.W.3d 230, (Tex.App.—Houston [14th Dist.] 2014), which are cases that assert claims of res judicata. The statute of limitations was not pled in these cases and the cases are irrelevant to the case before this court.

What *Puentes* and *Crawford* state is that res judicata does not apply in cases in the justice court. In other words, one can sue the same party as many times as one wishes, always attempting to receive a favorable order.

There was no "continuous tort" and the inference fails under its own weight. The legal status of the forcible detainer does not change once a foreclosure sale occurs and subsequent to the forcible detainer action, a 3 day notice to vacate issues. The forcible detainer's legal status does not change because a new notice to vacate issues. It remains the same from the first time he is served with a notice to

vacate and refused, thus becoming a forcible detainer, and the trigger which accrues the action.

In the instant case, BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing LP foreclosed on April 5, 2011[4]. On April 11, 2011, Barrett Daffin Frappier Turner & Engel, sent a certified letter to Lenny Acevedo, on behalf of its client, Fannie Mae, entitled "NOTICE TO VACATE". When Appellant refused to vacate the premises, he became a forcible detainer and his legal status has remained consistently the same since that time.

When presented with another "Notice to Vacate", which was mailed on November 12, 2014, his legal status and position had not changed. The November 12, 2014 letter is an exact duplicate of the 2011 letter with the exception of the date.

## Forcible Detainer versus Tenant at Sufferance or Tenant in Arrears

There is a marked difference between a landlord – tenant suit for eviction and a landlord – forcible detainer suit for eviction. The differences are:

### 1st Instance

A tenant who is renting or leasing a property has an obligation to pay rent and comply with the terms of the lease. When this tenant fails to comply, the

---

[4] **Clerk's Record** page 46

10

landlord gives a 3 day notice to vacate before he files a suit for eviction suit in the justice court of jurisdiction where the property is located.

The tenant has the option, before judgment, to comply with the delinquent terms of the lease, i.e., if the tenant is behind in rent and pays the delinquent amount to the landlord before the landlord obtains an order to evict, (Writ of Possession), the tenant is restored to his legal capacity and can remain in the property.

The landlord can file for forcible entry and detainer (FED), as often as the tenant is not compliant. This is the reason that there is no res judicata in justice cases. The legislature has not put a finite number on the times a landlord can sue the same tenant.

## 2nd Instance

There are two rights involved with property ownership. One is right to title and one is right to possession.

A former homeowner who has lost his right to title of the property through foreclosure has a different standing than he did when he held the right to title. This person became a tenant at will or sufferance, when the lien on his property was foreclosed. He no longer holds title to the property and is a tenant at sufferance. Once the former owner of the property is served with a 3 day notice to vacate and refuses to leave the property, he becomes a forcible detainer. He does

11

not have the option to pay back rent or to negotiate for better terms. He has lost his right to the property title in its entirety. He is now a forcible detainer and retains only the right to possession, which must be legally wrested from him. His status does not change unless there is an agreement between the new owners or the two parties have come to an agreement concerning the occupancy of the property.

Once the demand to vacate the property within 3 days is made and the tenant at sufferance refuses to vacate, and the tenant becomes a forcible detainer, the new title holder of the property has 2 years from the date the former tenant becomes a forcible detainer to oust the forcible detainer. Texas Civil Practice & Remedies Code §16.003. This limitation has been a Texas Statute since the beginning of the written law in Texas.

It is folly to believe that in the case of a forcible detainer, a letter to vacate with a newer date changes the status or the circumstances of the action. That theory obviously applies in the 1st Instance, but cannot be used in the 2nd Instance. The forcible detainer status did not begin anew with the arrival of a newly dated demand to vacate. His status is exactly what it was once he received the first notice to vacate, that of a forcible detainer. Ergo, to find that the receipt of a letter reflecting a newer, later date somehow switched the forcible detainer to a tenant at sufferance and upon opening the letter, he is magically transformed into a forcible detainer anew is nonsensical.

12

In point of fact, given the plethora of mortgage company foreclosures and the resulting evictions based on the foreclosure, it would behoove the Texas Supreme Court to promulgate a rule which considers an eviction in a mortgage company/forcible detainer case as final. Then, there would be no question about res judicata or accrual of action in these instances. To treat the landlord/tenant relationship the same as a mortgage company/forcible detainer case only leads to confusion and ambiguity.

## Laches

Appellant asserts that the 4th Forcible Detainer suit was barred by laches. Appellant asserts that Fannie Mae exercised unreasonable delay in asserting its legal or equitable rights, and Appellant, in good faith, relied on the 2 year statute of limitations and the April 16, 2011 accrual of action and made determinations, such as improvements and repairs, based on the change of position which occurred after the two years. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex.1989); *Caldwell v. Barnes*, 975 S.W.2d 535 (Tex.1998).

## State of Repose

The current opinions in this court have left former home owners prey to continual, never ending litigation where forcible detainers suits are at issue.

There is no question that the continual litigation could be construed to be a violation of one's rights under Art. 1, Sec. 3, 3a and Sec. 9 of the Texas

13

Constitution. To allow a forcible detainer action to continue three years, four years or more after the foreclosure sale and first notice to vacate is a travesty of the law that should not be allowed.

What this court has said is: Take as many shots as you want for as long as you need, until the defendant gets worn out or worn down, or the courts uphold your actions. And what mortgage company, knowing of the court's decisions, would ever pass up the opportunity to simply re-date the notice to vacate and reset the clock? Certainly not Fannie Mae!

This is an intolerable abuse of the court's discretion. The court has an obligation to determine when an action accrued, and it shouldn't be a matter of discretion to determine the date, it should be a matter of law. When did the action begin which would allow a party to seek a legal remedy?

According to case opinion, an action accrues once a wrongful act causes some legal injury and the injured party has the right to sue. In the instant case, the court cannot determine that the discovery rule applies or that the once the notice is sent, the statute of limitations tolls. There can be no doubt that the action accrues shortly after the notice to vacate is sent. The mortgage company, after all, foreclosed on the property and is well aware it must send the notice to vacate before it can sue for forcible detainer. There is nothing to discover.

To opine that every single letter that is sent begins the accrual of action over again is counter intuitive to the law. There would never be a state of repose for the one who is continually being sued.

The only justification the courts could cite would be, a new action has begun. That would be in contradiction to the law. Again, it is the same action, the same cause, the same foreclosure date, and the same plaintiff and defendant. How can the courts justify this kind of reasoning? From Appellant's perspective, only by applying unequal protection of the law, a violation of the Texas Constitution and Appellant's inviolate right to equal protection and open and fair courts.

Appellant asserts that by ruling that every new notice to vacate sent is a new cause of action, the court is violating the spirit of the law and the rights embodied in the Bill of Rights of the Texas Constitution.

Three exact same suits, having the same cause of action and naming the same parties each and every time is harassment and legal abuse.

Had Appellant sued this many times on the same issue with the same adverse results, he would be labeled a vexatious litigant even though the suits are all in justice court.

By ruling as this court has ruled, to allow a mortgage company innumerable suits over a period of four years, to continually bring suit for the same issue from the same starting point, is the very definition of legal abuse.

## CONCLUSION

Lenny Acevedo's home was sold at foreclosure sale on April 5, 2011. That is a fact. At that point, he became a tenant at sufferance. Fannie Mae did not suffer him for any length of time, as Fannie Mae issued a Demand to Vacate Premises letter on April 11, 2011. When Appellant received the demand and determined not to cede possession of the property, he became a forcible detainer. On April 16, 2011, the action accrued, and Fannie Mae could seek redress in the courts.

A cause of action generally accrues at the time when facts come into existence authorizing a claimant to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990). In Texas, a Plaintiff's cause of action accrues, and the applicable limitations period starts to run, "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996). *See also Doe v. Catholic Diocese of El Paso,* 362 S.W.3d 707, 716 (Tex.App.-El Paso 2011, no pet.)(same).

On April 16, 2011, Appellant became a forcible detainer, and that wrongful act caused a legal injury upon which Fannie Mae was authorized to seek a judicial remedy, which it did seek, but was not awarded judgment until 2015.

16

A party seeking possession of a property, files a suit for forcible detainer, which is an eviction suit, which is what Fannie Mae did on May 5, 2011, Cause No. 61039 in the Justice of the Peace Court, Precinct 2.

The process is designed to be speedy and efficient. It not meant to be delayed for a process of years.

During a 4 year period, Fannie Mae filed three eviction suits against the forcible detainer. Not once during the four years did Appellant's status change. He remained, from April 16, 2011 till now, a forcible detainer. Because he had been issued a demand to vacate, it was not necessary to send a second or third or fourth demand. The facts had not changed. He was in the same legal status in 2014 as he was on April 16, 2011.

Fannie Mae is or should be aware of the limitation statutes. It knew or should have known that it had two years to legally obtain possession from Appellant, yet, on several of the trials, it didn't appear, or was ruled against. No one could attribute due diligence to those actions. Finally, after its 3rd suit and trial, the judge, who carefully studied and understood the law of forcible detainer ruled that Fannie Mae was barred by expiration of statute of limitations. Further, Appellant asserts the 3rd suit was barred by laches.

Judge Elea Diaz's opinion is the correct one, and Appellant asks this court to uphold the long, proud history of Texas law and rule in Appellant's favor.

Respectfully submitted,

Lenny Acevedo
c/o 13276 Research Blvd. Ste. 204
Austin, Texas 78750

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document is typed in Times New Roman 14 point

type and contains 4355 words.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of Appellant's Brief was sent by U. S. Postal Service on October 28, 2015 to:

Mark Hopkins
Hopkins & Williams
12117 Bee Caves Road, Suite 260
Austin, Texas 78738

# APPENDIX

Judgment from Judge Eric Shepperd

June 1, 2015

## CAUSE NO. C-1-CV-15-000869

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION A//K/A FANNIE MAE, *Plaintiff,* | § § § § | IN THE COUNTY COURT |
| V. | § § § | AT LAW NO. 2 |
| LENNY ACEVEDO AND ALL OTHER OCCUPANTS OF 1108 FOX SPARROW COVE, PFLUGERVILLE, TEXAS 78660 | § § § § § § | |
| *Defendant(s).* | § | TRAVIS COUNTY, TEXAS |



### JUDGMENT

Plaintiff, Federal National Mortgage Association a/k/a Fannie Mae ("Plaintiff"), appeared through its attorney of record. Defendants, Lenny Acevedo ("Defendant") and all other occupants of 1108 Fox Sparrow Cove, Pflugerville, Texas 78660, appeared through counsel. The Court, having reviewed the pleadings and considered the testimony, exhibits and all other relevant evidence, is of the opinion that Plaintiff is entitled to the relief sought.

**IT IS ORDERED** that Plaintiff is entitled to possession of the premises described in Plaintiff's Original Petition for Forcible Detainer, and have restitution, for which let writ issue, of the premises commonly known as 1108 Fox Sparrow Cove, Pflugerville, Texas 78660, and legally described, as:

**LOT 1, BLOCK C, KUEMPEL TRACT PHASE 3, SECTION FIVE, AN ADDITION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE PLAT OF RECORD IN VOLUME 2002, PAGE 318, TRAVIS COUNTY, TEXAS.**

**IT IS FURTHER ORDERED** that Plaintiff have and recover from Defendants reasonable attorney's fees at the trial court level in the amount of $1,000.00, which may be collected from the bond posted by defendant, if any, payable immediately by the Clerk of the Court upon presentation of this order, together with reasonable attorney's fees if the case is

unsuccessfully appealed to the Courts of Appeal in the amount of $2,000.00, reasonable attorney's fees if the case is unsuccessfully appealed on writ of error to the Supreme Court of Texas in the amount of $3,500.00, and if writ is granted by the Supreme Court but the appeal is unsuccessful, reasonable attorney fees in the amount of $2,500.00.

**IT IS FURTHER ORDERED** that plaintiff recover from the Defendant(s) costs of court, for which let execution issue.

**ALL RELIEF NOT EXPRESSLY GRANTED HEREIN IS DENIED.**

SIGNED this ____ day of _April_____, 2015.

_____
JUDGE PRESIDING

**SUBMITTED BY:**

_____
Coury M. Jacocks
State Bar No. 24014306
15000 Surveyor Blvd., Suite 100
Addison, Texas 75001
972-340-7961 (Phone)
972-341-0734 (Fax)
Email: couryj@bdfgroup.com

ATTORNEY FOR PLAINTIFF