# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-15-00533-CV
---

**Leah Shike, Appellant**

**v.**

**Anthony Charles Flot, Appellee**

---
**FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT
NO. 29,439, HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

Appellant Leah Shike appeals from the summary judgment granted in favor of appellee Anthony Charles Flot in an automotive personal-injury suit. Flot had moved for summary judgment on limitations grounds, challenging Shike's failure to serve him with citation during the limitations period. Shike maintains that she raised a fact question regarding a tolling issue that precludes summary judgment. We will reverse the district court's summary judgment.

On April 26, 2012, Shike and Flot were involved in an automobile accident from which Shike alleges she sustained bodily injuries. Shike filed a negligence suit against Flot within two years of the accident, but did not serve Flot with citation until February 16, 2016, which was outside the limitations period for personal-injury claims. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a).

Flot filed an answer asserting limitations as an affirmative defense, then moved for summary judgment on the limitations issue. Flot established that Shike had served him with citation outside the applicable limitations period and alleged that she had not been diligent in having him served with citation. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) ("To 'bring suit' within the two-year statute of limitations period prescribed by section 16.003, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process.").

Shike then amended her petition to "raise[] the issue of [Flot]'s absence from the state during the limitations period and invoke[] the statutory provision that tolls the running of the statute of limitations during that absence," and to urge that she "relies on this tolling 'to the extent and for the duration that [Flot] was absent from Texas.'"

Shike thereafter filed a response to Flot's motion for summary judgment. In her response, Shike urged her diligence in attempting to serve Flot, attaching an affidavit from her attorney describing the efforts taken to serve him. Shike also asserted that Flot, as summary-judgment movant, was required to negate the tolling issue she had raised in her amended petition. Shike did not attach any evidence related to her tolling assertion.

The district court granted Flot's motion for summary judgment. In one issue on appeal, Shike contends that summary judgment was improper because Flot failed to negate the applicability of the out-of-state tolling statute. We agree.

Once a defendant seeking summary judgment on the affirmative defense of limitations has established that service was effected after the limitations period, the burden shifts

to the plaintiff to "explain the delay" by presenting evidence of her diligence. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 220 (Tex. 2003) (citing *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975)). However, if the plaintiff asserts that a tolling provision applies, the defendant is not entitled to summary judgment on his limitations defense until he conclusively negates the applicability of the tolling statute. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996) ("If the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to show his entitlement to summary judgment." (citing *Zale*, 520 S.W.2d at 891)).

In her amended petition, Shike states, "Plaintiff specifically raises the issue of Flot's absence from the state during the limitations period and invokes the statutory provision that tolls the running of the statute of limitations during that absence. Plaintiff relies on this tolling 'to the extent and for the duration that the individual Defendant was absent from Texas.'" Further, in her response to Flot's summary-judgment motion, Shike argues that her amended petition raised the out-of-state tolling provision and that, by doing so, she "shift[ed] the burden to [Flot] to disprove."

Although Shike never directly alleges that Flot was absent from the state during the limitations period, our standard of review requires us to indulge every reasonable inference and resolve any doubts in the non-movant's favor. *See, e.g.*, *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) ("When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor."); *Knott*, 128 S.W.3d at 215. Doing so here, we conclude that Shike's pleadings imply that Flot was out of the state during the limitations period such that the

3

out-of-state tolling provision should be applied. As such, Shike raised the issue of the tolling statute and, having done so, the burden then shifted to Flot to conclusively negate section 16.063's applicability. *See Jennings*, 917 S.W.2d at 793; *Zale*, 520 S.W.2d at 891. He did not. Therefore summary judgment was improper. *See* Tex. R. Civ. P. 166a(c); *Zale*, 520 S.W.2d at 891. We sustain Shike's issue.

Having sustained Shike's appellate issue, we reverse the summary judgment and remand the case to the district court.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Reversed and Remanded

Filed: July 28, 2016